Stayton, Associate Justice.
This action was brought by the appellee to recover damages for land appropriated in Franklin county for the purpose of a public road, and for injury resulting from the establishment of the road. The defense was a plea of the statutes of limitation of two years.
On September 22, 1876, the county commissioners court for Franklin county appointed three persons to lay out a road from Mount Vernon to Gray Bock, who, on September 30 of the same year, reported that the road should be opened on a line described in the report. So much of the location of the road as has application to this case was as follows: “With the present road until it crosses the branch; then upon the line between T. M. Horton’s and J. E. Brook’s land, with the blazes, to the corner of Horton’s fence.”
The appellee had and has no objection to a road running on the line thus indicated for the road; but the overseer who was appointed by the court to lay out the road in accordance with the report of the committee of review, which was adopted, did not open the road on this line, but on another, which cut off a corner of the appellee’s land from the main body of his tract.
The road thus opened was used and kept in order by the county continually until November 22, 1884, but there was no act of the commissioners court, prior to the date last mentioned, which asserted the right of the county to have the road run on the line where the road overseer placed it. At that date, however, a change was made in the road before it reached the land of the appellee; but, in thé change thus made, it is conceded by the parties that the county commissioners court recognized as a public road, and continued in use that part of the road opened-by the overseer in 1876, which cut off a corner of appellee’s land from the residue. The injury done to his land by so running the road as to cut off this corner is the main basis for his claim for damages. This action was brought December 22, 1885.
If limitation ran from the time the road was first opened, in 1876, the action was barred; otherwise it was not. Limitation *683 would doubtless run from the time the county asserted a right to have the road where the overseer placed it, for from that time appellee could have maintained an action, but he could have maintained no action against the county for the unauthorized act of the road overseer in placing the road on a line on which the county commissioners court had not directed him to place it. The use of the road by the public, accompanied even by the working of the road by the hands designated by the county commissioners court to make the road from Mount Vernon to Gray Bock, in the absence of some recognition by that court of the road, laid out and worked as an established road, would not have given cause of action to the appellee against the county.
Opinion delivered October 25, 1887.
The act of the public in using the road, and of the overseer and hands in working so much of it as was laid out without the sanction or direction of the county commissioners court, if continued .for a sufficient length of time might have given the right to the public by prescription to use it, but the unauthorized acts of some of the citizens or ministerial officers of the county could give a right of action to the appellee for damages.
The orders of the county commissioners court appointing overseers and designating hands to work the road from Mount Vernor to Gray Bock must be understood as orders recognizing only the road which that court had established and directed to be opened, and not an unauthorized road. Not until the order of the county commissioners court, of date November 22, 1884, did that court assert a claim to have a public road over the land of the appellee where the overseer opened it in 1876, and we are of the opinion that the appellee had no cause of action against the county until that date; hence there could be no statutory bar to his action, which was instituted within less than two years from that time.
There is no error in the judgment, and it will be affirmed.

Affirmed.