

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. R. Thompson
County Auditor
Abilene, Texas

Dear Sir:

Opinion No. O-871
Re: Whether land and buildings
given to a college as an en-
dowment fund are exempt from
taxation.

We received your letter of May 24, 1939, wherein you request our opinion in response to the following question:

"Are lands and buildings given to a college as an endowment fund, which are carried on the books as an endowment fund, and all of the revenue therefrom is used for the maintenance of the institution which is carried on not with a view to profit, exempt from taxation?"

Article 8, Section 2, of the Constitution of Texas as adopted in 1928 provides in part as follows:

"The Legislature may by general laws exempt from taxation . . . all buildings used exclusively and owned by persons or associations of persons for school purposes . . . ; also the endowment funds of such institutions of learning and religion not used with a view to profit; and when the same are invested in bonds or mortgages or in land or other property which has been and shall hereafter be bought in by such institutions under foreclosure sales made to satisfy or protect such bonds or mortgages, that such exemption of such land and property shall continue only for two

years after the purchase of the same at such sale by such institutions and no longer, and institutions of purely public charity; and all laws exempting property from taxation other than the property above mentioned shall be null and void."

Article 7150, Revised Civil Statutes of Texas, describes the property which shall be exempt from taxation and Section 1 thereof, as amended in 1931, contains a description of the following property as being so exempt:

"All public colleges, public academies and all endowment funds of institutions of learning and religion not used with a view to profit and when the same are invested in bonds or mortgages and all such buildings used exclusively and owned by persons or associations of persons for school purposes; provided that when the land or other property has been or shall hereafter be bought in by such institutions under foreclosure sales made to satisfy or protect bonds or mortgages in which said endowment funds are invested, that such exemption of such land and property shall continue for two years after the purchase of the same at such sale by such institutions and no longer."

If the property which you mention is not to be taxed authority for the exemption must be found within the expressed provisions of Article 8, Section 2 of the Constitution. The burden of showing that an exemption from taxation exists rests upon the party who claims it. Morris v. Lone Star Chapter, No. 6, Royal Arch Masons, 5 S. W. 519. The above constitutional provision permits the Legislature to extend the exemption from taxation to only two classes of real property belonging to educational institutions, to-wit, buildings used exclusively for school purposes and for a period of two years after purchase those lands which have been bought in following foreclosure thereon of bonds or mortgages in which endowment funds had been invested. Unless land belonging to an educational institution falls within one of the above two

classifications, it is not exempt from taxation. Such exemption is not extended to lands constituting a part of the endowment fund of any such college or school. An interpretation which would bring about such an exemption is precluded by the fact that the constitution exempts the two classes of real property mentioned above and then provides that all laws exempting property from taxation other than the property above mentioned shall be null and void. In the case of Morris v. Lone Star Chapter No. 6, Royal Arch Masons, 5 S. W. 519, it was held that the exclusive use of a building for charitable purposes meant the actual and direct use for the purposes of the association and not a use by others for revenue although that revenue may have been exclusively appropriated for the objects of charity. Our answer to your question, therefore, is necessarily in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant

APPROVED JUL 6, 1939

GRL:FL

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN