Con J. O'CONNOR et al., Appellants,

v.

W. A. GRAGG, Appellee.

No. 3433.

Court of Civil Appeals of Texas.

Eastland.

May 8, 1959.

Rehearing Denied May 29, 1959.

C. J. O'Connor, R. E. Bowers, L. H. Welch, Breckenridge, for appellant.

Jennings & Montgomery, Graham, for appellee.

COLLINGS, Justice.

W. A. Gragg brought this suit against Con J. O'Connor and H. G. McConnell seeking to establish a right of way across O'Connor's lands by necessity, by prescription and in a trial amendment alleged a roadway by dedication. During the trial plaintiff abandoned his plea of a way of necessity. Plaintiff sought to permanently enjoin defendants from interfering with his use and enjoyment of the purported roadway. Defendants answered by a general denial and alleged that any use of the roadway by plaintiff, his predecessors or any other person or persons was a permissive use only while O'Connor and his predecessors in title were also using same. The trial was before a jury and based upon the verdict judgment was rendered decree-

ing the right of way in controversy to be a public road by dedication and by prescription. Defendants were perpetually enjoined from interfering with plaintiff's use and enjoyment of the roadway. The defendants have appealed.

Appellants urge numerous points of error. Several of the points are directed to the question of whether the roadway had been dedicated as a public road by appellants' predecessors in title. Appellants contend that the court erred in submitting issues of dedication to the jury. They urge that there were no pleadings or evidence to show that any predecessor in title of appellant O'Connor ever dedicated the roadway to public use and that the court erred in refusing appellants' request for an instructed verdict. Appellants urge in the alternative that the evidence, if any, upon the question of dedication is insufficient to support the verdict, is against the great weight and preponderance of the evidence and that the court erred in entering judgment on the verdict. Appellants particularly urge that the court erred in submitting issues as to whether a roadway was acquired by dedication in substantially the same location as the roadway now in use. Appellants further urged that the court erred in refusing appellants' motion for an instructed verdict.

■ We overrule appellants' points complaining of lack of pleadings to show a roadway by dedication. Appellee Gragg filed a trial amendment alleging a dedication of the roadway by appellants' predecessors in title and that the public accepted such dedication and used the roadway as a public road.

■ We are of the opinion, contrary to appellants' contention, that the evidence supports the findings of the jury and the judgment of the court to the effect that the roadway in controversy is a public roadway by dedication. The statement of facts is voluminous and contains numerous exhibits. It is not practical to set out all of the testimony and evidence in detail.

Stated briefly, however, the evidence shows that the roadway in question begins at a point on a paved road running along the north line of the Upham Survey, which is a part of appellants' lands, and proceeds in a generally southern direction through appellants' Upham Survey, then south through another tract of land belonging to appellant O'Connor designated as the J. Poitevent No. 2 Survey and continues in a southernly direction into the Rickles Survey which belongs to appellee, W. A. Gragg. The evidence shows that this roadway has existed for more than 68 years; that previously there was another road east of the road in question leading to the paved road on the north serving substantially the same territory, but it is now covered by the Possum Kingdom Lake. Walter Rickles testified that he was 75 years of age and was born and reared on the Rickles Survey. He testified that he first remembers traveling the road in question in 1890; that he has recently traveled over the roadway and found that it still exists in substantially the same location as it was when he first knew it in 1890. He testified that there were a few places where the present road deviates from the old road, but that it follows substantially the same route as the old road. He testified that the crossing of Veal Creek as it exists today is the same as it was when he first crossed it. He testified that he, his parents and others who then lived in the community used the road as a public road; that they believed and asserted that they had the right to do so; that he never heard of anyone asking permission to use the road and that no person ever objected or tried to stop them. He testified that the present road might be a little better than it was in the old days, but that it was not much better because the people who lived in the community all worked on the road together, helping to keep it passable from one end to the other. Numerous witnesses testified that the road has been a well defined and traveled road for many, many years and used by the community generally; that it is now in substantially the same position as the first time they saw it, and that the users never sought permission but used the road under a claim of right as a public road. The evidence shows that for many years the road served a public school, a cemetery and the inhabitants of Cedar Creek community, and that the public generally, who had cause to travel in that area, used the road. Appellant O'Connor, himself, who owns other land in the area, used the road long before he acquired title to the land which it crosses and acquired such title knowing of the existence of the road and of its use by the public generally as well as by appellee W. A. Gragg.

The elements essential to the creation of a valid dedication are: (1) a person competent to dedicate; (2) a public purpose that will be served by the dedication; (3) an offer or tender of dedication and (4) an acceptance of the offer or tender. 14–B Tex.Jur. 341.

No question is raised by appellants concerning the existence of the first two of the above essential elements. The questions presented in appellants' points concern the existence and sufficiency of the evidence to show an offer or tender of dedication and an acceptance of such offer or tender. A dedication by deed is not claimed by appellee. Although it is essential that an owner should manifest an intention to set apart his land for public use in order to establish a dedication of a public road, it is held that such a manifestation of intention is shown by some clear and unequivocal words or acts of the owner which have been acted upon by conduct or words showing acceptance. Oswald v. Grenet, 22 Tex. 94; Spradley v. Hall, Tex. Civ.App., 54 S.W.2d 1054. In the case of Dunn v. Deussen, Tex.Civ.App., 268 S.W. 2d 266, 269, (RNRE), it is stated that:

"* * * where origin of the user by the public, and the ownership of the land at the time of such origin, are shrouded in obscurity, and no proof can be adduced to show the intention of the owner in allowing the use, the law

raises a presumption that the requisite intention and acts disclosing it were present."

In the case of Harger v. Cason, Tex.Civ. App., 223 S.W.2d 244, 246, it was stated as follows:

" * * * the public generally, including appellee and his predecessors in title, had been using the strip of ground now in controversy as a roadway for more than 50 years before the institution of this suit, and * * * such use had been open, continuous and adverse to the owners thereof. We think such testimony was sufficient to carry the general issue of dedication to the jury in this case even though there was no direct evidence of any overt act or specific declaration on the part of the ancient owners indicating an intention on their part to dedicate the strip of ground now in controversy to public use as a roadway. In our opinion such intent could properly be inferred from the circumstances in evidence."

■ The above language of the cited cases is applicable to the facts of the instant case. The rule is that use with the acquiescence of the owner is evidence of an intent to dedicate. 21 Tex.Jur.(Rev.) 597. There was evidence to the effect that the roadway was used openly and continuously by the public generally, including appellee and his predecessors in title, for more than sixty years before appellant acquired title to the land and before the filing of this suit. There was no evidence that any objection was ever made or that a question ever arose concerning the use of the road. The long, continued use of the road as shown by the evidence supports the jury verdict that the road was dedicated as a public road by appellant O'Connor's predecessors in title prior to the time that he purchased the land. Owens v. Hockett, 151 Tex. 503, 251 S.W.2d 957. Upon a consideration of all the evidence we hold that the finding that there was a dedication of

the road is not against the great weight and preponderance of the evidence. The evidence also supports the findings that the roadway found to have been openly and continuously used by the public for many years and to have been dedicated as a public road, was situated in substantially the same location as the roadway now in use. Mr. Walter Rickles so testified. Mr. Breck Couger and his brother, John Couger, were both witnesses and were owners of the Upham and Poitevent Surveys from 1940 until 1947 when John Couger acquired sole ownership of the land and in 1950 sold the land to appellant O'Connor. The Couger brothers are approximately 45 and 50 years of age and testified that they were raised in that community and had been familiar with the road all of their lives. They testified that the road, substantially as identified, had always been used as a public road including the period that they owned the land, and that they had never heard of anyone seeking permission from the owners to use the road, nor had they ever heard of any owners of the land objecting to the public use of the road. Breck Couger testified that the road as he first knew it was in substantially the same location at which it is now situated.

■ In this connection the evidence shows that in 1952 appellant O'Connor rebuilt a portion of the road from a point in the Poitevent Survey No. 2 going north into the Upham Survey, almost to the concrete dip on Veal Creek, covering a distance of 2,018.5 feet. There was evidence to the effect that for many years prior to this rebuilding, another road which circled over 960 feet to the west and was 3,571.5 feet in length had been used instead of the portion rebuilt by O'Connor. Appellants' position would not be improved if it should be held as he contends that this evidence conclusively showed a lack of use and an abandonment for a long period of time of the portion of the road which he rebuilt. This evidence relied upon by appellant also shows that the 3,571.5 foot portion of the road was used as a part of the road in con-

troversy which had already been in use in such manner and for such a period of time as to constitute a public roadway by dedication. It shows that the change from the previously dedicated portion of the road to the 3571.5 portion which circled to the west occurred in about 1920 and that the change was made by the then owner to suit his own convenience and that the change was acquiesced in by the public who used the road. It is held that public use of a road which is not on the established road line for a period of time and in such manner as to constitute a public roadway by dedication or by prescription vests in the public the newly established roadway. Click v. Lamar County, 79 Tex. 121, 14 S.W. 1048; Franklin Co. v. Brooks, 68 Tex. 679, 5 S.W. 819. It is also held that a change of location made by the owner of the land for his own convenience after the right of the public in the road has become established does not defeat such right. Dortch v. Sherman County, Tex.Civ.App., 212 S.W.2d 1018. If there was a change in 1920 from the originally established portion of the road to the portion which circled about 900 feet to the west, that change was, by appellant's own uncontradicted testimony, shown to be by the owner to suit his own convenience with the acquiescence of the users of the road, and that portion became and continued a part of the road until 1952 when appellant rebuilt the road on substantially the same location as it originally existed. The evidence relied upon by appellant and his own testimony shows that he changed the road in 1952 to suit his own convenience and that appellee and the public using the road acquiesced in the change.

As previously indicated, it is our opinion that the pleadings and the evidence support the findings of the jury that the roadway in question was dedicated as a public road by appellants' predecessors in title and supports the judgment of the court based on the verdict. We overrule appellants' points urging the contrary view. We also hold that the findings of the jury concerning dedication of the road are not against the great weight and preponderance of the evidence and overrule appellants' point so urging.

We do not find it necessary to pass upon appellants' other points complaining of the jury findings and of that portion of the judgment decreeing the right of way in question to be a public road by prescription. The court properly rendered judgment decreeing the roadway to be a public road by dedication and perpetually enjoined defendants from interfering with appellee's use and enjoyment of the roadway.

The judgment of the trial court is affirmed.