Mrs. M. F. HENDERSON et al., Appellants,

v.

FRIO COUNTY et al., Appellees.

No. 13999.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 31, 1962.

Rehearing Denied Nov. 28, 1962.

House, Mercer, House & Brock, San Antonio, John G. Murray, Pearsall, for appellant.

J. B. Ator, Pearsall, for appellee.

BARROW, Justice.

This suit was filed by appellees, Frio County and three residents of that County, to enjoin interference with public right of ingress and egress on an alleged public road known as the Hardy-Brown Road. This roadway is located across a farm formerly owned by A. C. Hardy, but now owned by appellants, Mrs. M. F. Henderson and two others. Plaintiffs alleged that the road became public by dedication by Hardy in 1924 or 1925, and that since that time the public generally has used the road openly, adversely and continuously, and has thereby acquired prescriptive rights. The jury returned a verdict favorable to plaintiffs on both counts and defendants have duly perfected this appeal from the judgment entered on said verdict.

Appellants assert that appellees failed to make out a case on either count and, further, that the trial court committed errors which would require a new trial. The evidence is undisputed that Hardy grubbed out the roadway in 1925, and since that time it has remained open and been used by the public generally. Appellants assert that this use was merely a permissive use rather than an adverse use.

It is our view that the findings of the jury that A. C. Hardy dedicated the roadway as a public road in 1925, and that this dedication was accepted by the public, are amply supported by the evidence. The Supreme Court in O'Connor v. Gragg, 161 Tex. 273, 339 S.W.2d 878, set forth the

requirements of a dedication to the public, in disposing of a similar point. The evidence showed that the roadway had been in existence for over sixty-eight years and that the community, without asking, had used it as a public road. The Court held that this evidence supported a finding of implied dedication as a public road. The Supreme Court again cited with approval the rule that the act of throwing open property to public use, without any other formality, is sufficient to establish the fact of the dedication to the public. Other authorities which support a finding of dedication upon evidence equivalent to that introduced by appellees, are: Owens v. Hockett, 151 Tex. 503, 251 S.W.2d 957; Smith v. Wilson County, Tex.Civ.App., 356 S.W. 2d 221 (dism.); Dunn v. Deussen, Tex.Civ. App., 268 S.W.2d 266 (ref. n. r. e.).

Desmond Rumfield testified that prior to 1925 he ran a general store in this immediate area. It was necessary for Hardy and his neighbor, Brown, to pick up their mail at the store. In order to secure mail delivery to them, they grubbed out and opened the roadway in question. This was confirmed by the rural mail carrier who had used the road for over twenty-five years. In response to cross-examination by appellants' counsel, Rumfield testified that Hardy and Brown said, "If we can make a public road out of it and get the mail to go around there we won't have to go down to the store after our mail and we can put our boxes all up here." Rumfield also testified that school busses had used the roadway since 1925, as well as the mail carrier.

Eight other witnesses testified on behalf of appellees that they had been personally acquainted with the roadway since 1925, and that the roadway had been used by the public generally all that time. In addition, three witnesses had used it as a public road for over twenty years. Hardy did not at any time object to this use, and no permission was ever sought by anyone for use of the road. The evidence further established that for many years the county had done the maintenance work on the road. Hardy died in 1946 and the appellants acquired title in 1950. Appellants introduced no evidence to contradict this general use of the roadway by the public over this long period of time, but assert that it was merely a permissive use rather than a dedicated or prescriptive right.

Appellants urge error in the charge of the court. Special Issue No. 1 read as follows: "Do you find from a preponderance of the evidence that the road in question across the Henderson land as described in Plaintiffs' exhibit No. 1 was dedicated as a public road by A. C. Hardy, the owner, prior to his death? Answer 'yes' or 'no'." Appellants objected to this form of inquiry in that it limited the jury's answer to whether or not the roadway was a "public road" and did not permit the jury to answer that same was a "licensed" or "permitted road." We overrule these points. Appellees plead that the roadway was a "public road" and the burden of proof was upon them to establish this fact. They did not have the burden of proof to show that the road was not something else. McDonald, Texas Civil Practice, § 12.06; Wichita Falls & O. R. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79.

Appellants further assert that the definition of the term "dedicated as a public road" did not place proper degree of proof upon appellees. The trial court gave this definition: " 'Dedicated as a public road' as used herein means devoted or appropriated to public use as a public road by the owner, by some unequivocal acts or conduct which manifest an intent to appropriate it to such use." The definition requested by appellants used the term, "clear and unmistakable manifestation" in lieu of the trial court's requirement of "unequivocal acts or conduct." We believe these definitions are substantially the same and placed the proper degree of proof upon the appellees to show dedication of the roadway to the public.

A dedication is never presumed, it must be manifest either by unequivocal acts, or declaration of the landowner, dedicating the land to public use. Common law dedication is subdivided into two classes, express and implied. In both it is necessary that there should be an appropriation of land by the owner to public use. In the one case it is shown by some express manifestation of his purpose to devote the land to public use; in the other, by some act or course of conduct from which the law will imply such an intent. If the open and known acts are of such a character as to induce the belief that the owner intended to dedicate the way to a public use, then the law will not permit him to assert that there was no intent to dedicate. Owens v. Hockett, supra. The Supreme Court in the case of O'Connor v. Gragg, supra, stated that the land must be appropriated to a public use by unequivocal acts or conduct. The trial court required such an appropriation to public use by Hardy.

Appellants complain of the admission into evidence of the will of A. C. Hardy, together with the order admitting same to probate. Paragraph five of Hardy's will, in describing a bequest of a five-acre tract of land to a beneficiary under said will, identified the roadway in question as "a county road." Appellants assert that the will was irrelevant and immaterial; had no bearing on the intention of Hardy to dedicate the road or to show prescription, or whether it was a public road or private road; that there was no predicate laid to show why the will was being introduced in evidence, because at the time appellees offered the will they did not apprise appellants of the specific portion thereof upon which they would rely; and that the ruling of the court deprived appellants of the right to make more specific objections to the introduction of paragraph five. No objection was made that the exhibit was not properly authenticated.

The description by Hardy of the roadway in question as "a county road" was admissible against appellants as an admission by a party in privity of title with appellants. McCormick and Ray, Texas Law of Evidence, § 1173. It is true that Hardy did not define what he meant by "a county road", but this objection went merely to the weight to be given this admission. The trial court could assume that Hardy used the description in its ordinary significance. McCormick and Ray, supra, § 1682. As soon as the document was admitted, appellees called as their witness the executor of the will, who was examined concerning paragraph five. At this time appellants knew the specific part of the exhibit to be used by appellees and their purpose. Appellants did not urge any additional objections to those previously made, but re-offered them. Appellants can not now assert that they did not have sufficient opportunity to object to the use made of this exhibit.

Appellants urge that the trial court erred in excluding their proposed Exhibit No. 21. This was an affidavit made in 1950 by two long-time residents of Frio County, which had been recorded in the deed records of Frio County. This affidavit recited substantially that: affiants were familiar with the A. C. Hardy farm over many years, that Albert Sammons never lived on this property and that Hardy's brother had never claimed any part of the A. C. Hardy farm, but A. C. Hardy had actually resided upon the premises for more than twenty-five years before his death and had claimed said premises openly, notoriously, adversely and peacefully. The affidavit did not mention or refer to the roadway in question and therefore we do not understand its materiality or any harm to appellants by its exclusion. The ownership of the farm was not in question. Appellants did not offer any evidence that A. C. Hardy during his lifetime ever complained of the open use by the public generally of the roadway, and appellants made no complaints after acquiring the land in 1950, until just shortly before this suit was filed.

The affidavit was hearsay and we are cited to no exception to said rule. It

**410**

is fundamental that if evidence is properly excluded, appellants can not now complain that the proper objection was not made. We have not been cited to any statute which would authorize the use of such an affidavit. Assuming, but expressly without deciding, that the affidavit could have been offered under Art. 3726, Vernon's Tex.Civ. Stats., appellants did not. comply with this statute. The trial court did not err in excluding said exhibit.

The judgment is affirmed.