**W. D. DINWIDDIE et ux., Appellants,**

v.

**AMERICAN TRADING AND PRODUCTION CORPORATION, Appellee.**

No. 5678.

Court of Civil Appeals of Texas.

El Paso.

Dec. 11, 1963.

Rehearing Denied Jan. 8, 1964.

William L. Kerr, Turpin, Kerr, Smith & Dyer, Midland, for appellants.

Garland Casebier, Frank C. Ashby, Midland, for appellee.

PRESLAR, Justice.

This is an appeal from a temporary injunction order enjoining appellants Evelyn

Rose Dinwiddie and W. D. Dinwiddie from interfering with appellee American Trading and Production Corporation in its use of a road across lands in the possession of appellants to reach land on which appellee owns an oil and gas lease. The controversy centers on a road leading to the oil and gas lease and not on the land, Section 36, actually covered by the oil and gas lease. It was stipulated on trial that appellants' refusal of use of the road by appellee was as to Sections 25, 30, 31 and 32. The road was put in by the Pasotex Pipe Line Company in 1928 under written easements whereby it was granted the right to lay and maintain pipe lines together with the right of egress and ingress along the pipe line way, together with the right to maintain a camp as living quarters for its employees. It appears that Pasotex has used the road through the years in the maintenance of its pipe line, and that its employees have used it as a means of going to and from the nearby town of Orla. Pasotex employees' children were transported over the road by school bus to and from school. The sections of land involved in this controversy were for many years ranched by Jim Cooksey under surface leases, and following his death appellants came into possession under surface leases, in February 1961. Neither the owners of the land nor Pasotex are parties to the suit.

When appellants disputed appellee's right to use the road to reach its mineral estate, appellee brought suit alleging the road had become a public road and that it, as a member of the public, had a right to its use. The trial court granted, first, a temporary restraining order, and then the temporary injunction which is the subject of this appeal.

It is our opinion that the evidence is not sufficient to establish the public nature of the road by prescription or implied dedication. Appellee (plaintiff) concedes that its case is not based on prescriptive rights. Therefore, we see no purpose in discussing that phase of the case, and move to a con-

sideration of the court's judgment based on the theory of implied dedication.

The evidence in support of the judgment is that a county commissioner has, for the past ten years, maintained the road by blading it with a maintainer and filling "mud holes" with caliche. How often this was done is not definite, for the testimony was that it was done "after it rained" and as was needed to keep it passable by the school bus. Appellants' predecessor in possession, as surface lessee, had requested such maintenance, and appellants, who have been in possession of the surface some three years, were aware of this maintenance. Testimony is conflicting as to the width of the road, one witness describing it as 12 to 15 feet, and another describing it as 20 to 24 feet, and photographs of portions of it show it to be a rather well-kept dirt road. There was evidence of cattleguards where the road crossed fence lines, some of which had been, at least in the early years, maintained by Pasotex, and some of which had been installed by the County as part of the payment for highway right-of-way. One witness testified that some of the ranchers to the north made some use of the road, and that an occasional arrowhead-hunter or fisherman came on the road, but that such use was with permission of the surface lessee.

■ Common law dedications, such as the one here involved, are divided into two classes, express and implied, and this case being of the latter type, it was incumbent on appellee to establish all of the elements of an implied dedication. Many are the authorities on each of the elements, but we deem it unnecessary to cite them separately, since the Eastland Court of Civil Appeals has clearly defined them in the case of O'Connor v. Gragg, 324 S.W.2d 294. The Supreme Court, while reforming another portion of the judgment, upheld that portion dealing with implied dedication (161 Tex. 273, 339 S.W.2d 878; 1960). The opinions of both courts contain discussions of many of the authorities cited by the par-

ties to the case before us. We quote from the opinion of the Eastland Court of Civil Appeals in O'Connor v. Gragg:

"The elements essential to the creation of a valid dedication are: (1) a person competent to dedicate; (2) a public purpose that will be served by the dedication; (3) an offer or tender of dedication and (4) an acceptance of the offer or tender. 14–B Tex.Jur. 341."

■ We have concluded that there is no evidence in the record to establish the first element—a person competent to dedicate—for the acts relied on for dedication are not those of the owners. Appellee relies heavily on the maintenance of the road by the county commissioner, acquiesced in by Pasotex, Cooksey, and Dinwiddie. Absent some showing of ratification by the owners (of which there is none), we deem the acts of these parties of no consequence. It seems elementary that one cannot lose title to his property through the acts or omissions of others. We think the law is conclusive that a valid dedication can only be made by the owner in fee. City of Corsicana v. Anderson, 33 Tex.Civ.App. 596, 78 S.W. 261 (err. ref.); Robbins v. Houck, Tex.Civ.App., 251 S.W.2d 429 (err. ref. N.R.E.); Drye v. Eagle Rock Ranch, Inc., 364 S.W.2d 196 (S.Ct.1962). Appellee contends that the appellants are now estopped to deny the public character of the road because of their acquiescence in the maintenance, and because of the act of their predecessor in title in requesting such maintenance. Implied dedication is founded on equitable estoppel, but again it is a matter of the *owner* being estopped by his (the owner's) action or inaction. We must bear in mind that appellee seeks to prevail because it is a member of the public, and the public has, *against the owner,* acquired a right to use the road. There is no contention that appellants owned anything more than a surface lease of the property over which the road in question crosses, and the same is true of his predecessor in

possession, Cooksey. The record reflects the fee ownership at the time the easements to Pasotex were granted in 1928, but fee ownership is not alleged or established as to the period of time in which dedication is supposed to have occurred, and the plat introduced in evidence shows the ownership at the time of trial to be different from 1928.

■ If we ignore the element of *who* may dedicate, and look to what was *done* as an act of dedication, we are confronted by the barren state of the record as to any evidence of the third element—an offer of dedication. What acts in this record are evidence of such an offer or tender—cattleguards, the character of the road, its width and state of repair? We think not. In the absence of some showing that the cattleguards were for the convenience of the public, they could just as well be for the convenience of the owner. The same may be said as to the character of the road, for one might maintain a paved and curbed road on his property and not destroy its private nature, unless there was some special showing of a different intention. To hold otherwise would be to penalize a person for maintaining his estate in the manner he sees fit for its full enjoyment. We do not believe that cattleguards and a well-maintained road are, *per se,* an invitation to the public to use. There is no evidence of any owner having knowledge of the grading by the county commissioner, and if we impute such knowledge to the owners, it becomes, in our view, only a scintilla of evidence of intention to dedicate, for easements had been granted for Pasotex to move across their lands. It is a different situation from one where an owner sits by and sees traffic moving across his land where no one has a right to be.

■ Appellee urges that its proof of public maintenance shifted the burden of proof to appellants to then prove the non-public nature of the road. Authority cited for that proposition is Rowan v. Pickett, by the San Antonio Court of Civil Appeals in

1951, and reported in 237 S.W.2d 734, no writ history. There, the plaintiff sought to enjoin the county commissioners from maintaining what the plaintiffs contended were private roads. The holding was that the burden of proof was on the plaintiffs to prove the non-public character of the roads. We do not read the case as standing for the proposition urged by appellee herein. Appellee, as plaintiff in our case, claimed the road in question was public and that it, as a member of the public, had a right to use it. The burden of proof was on it to prove the public nature of the road; and, as demonstrated, we think it failed to meet that burden. Accordingly, it did not establish a probable loss of right which entitled it to the temporary injunction.

The judgment of the trial court is reversed and the injunction dissolved.