**Jack Edward LEE, et al., Appellants,**

v.

**UVALDE COUNTY, Texas, et al., Appellees.**

**No. 1367.**

Court of Civil Appeals of Texas, Tyler.

April 23, 1981.

Rehearing Denied May 21, 1981.

T. Kellis Dibrell, Dibrell, Dotson, Dibrell & Dibrell, San Antonio, for appellants.

David R. White, Jr., Jack Ware, Dodson, Harpole & Nunley Uvalde, for appellees.

SUMMERS, Chief Justice.

This case involves a suit for a permanent injunction filed by plaintiffs below, appellants herein, who are residents and landowners in Uvalde County, Texas, seeking to permanently enjoin Uvalde County, the county judge, members of the commissioners court and an adjoining landowner (Terry Moore) from entering upon the plaintiffs' property and from constructing and working on roadways over and across the plaintiffs' property. Plaintiffs also sought to enjoin the commissioners court from declaring as an official act that public roads exist over their property.

The case was tried to the court without a jury upon several theories. The defendants below alleged alternatively that defendant Terry Moore and his predecessors in title had established a prescriptive easement across plaintiffs' lands; that he has an easement of necessity over said lands; that he has an implied easement appurtenant across plaintiffs' lands; and that the roads in question had been impliedly dedicated to the public. Judgment was rendered in favor of the defendants denying the permanent injunction and dissolving the temporary injunction which had previously been entered. No requests for findings of fact or conclusions of law were made and none were filed. The court, however, in its judgment found "... that a public road exists over, along and across the following described property in Uvalde County, Texas:

As depicted shown and presented on Exhibit "A" attached hereto and incorporated herein by reference, said public road being shown in the color yellow, over, in and across the property of the Plaintiffs outlined on said Exhibit "A" in blue. . . .

As depicted, shown and presented on Exhibit "A" attached hereto and incorporat-

ed herein by reference, said public road being shown in the color red, over, in and across the property of the Plaintiffs outlined on said Exhibit "A" in blue.

We reverse and remand.

Appellants have brought forward nine points of error alleging therein that (1, 2) the trial court erred in creating a public road across plaintiffs' lands as such judgment constitutes an appropriation or taking of property without due process of law or without proper compensation in violation of their constitutional rights; (3, 4, 5) the judgment was erroneously rendered for defendant Moore as there was no evidence or insufficient evidence to establish the elements of easements by prescription, necessity or implication; (6) the trial court erred in granting judgment for Uvalde County as the greater weight of the competent testimony definitely established that the four separate roads involved across the plaintiffs' lands were private roads owned by the plaintiffs and there was no competent evidence to show that any of the four separate roads had been dedicated for public use; (7) the trial court erred in admitting into evidence an ex parte affidavit executed by Carl Nuckles, et al.; (8, 9) the court erred in rendering judgment for defendants that public roads existed over plaintiffs' lands because the defendants' pleadings failed to adequately plead a description whereby a public road could be defined with any degree of certainty.

■ Appellees rely upon the rule of law that in the absence of findings of fact or conclusions of law, the trial court's judgment implies all necessary fact findings in support of the judgment; that in determining whether there is any evidence to support the judgment and the implied findings incident thereto, we must consider only that evidence most favorable to the judgment and disregard entirely that which is opposed to it or contradictory in nature. *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d

609, 613 (1950). It is further contended that, if the judgment can be sustained under any theory in the case, it should be affirmed by this court. The trial court's judgment, however, contains a specific finding of fact, or recital, stated above, and the court rendered judgment based solely thereon. The fact that findings of fact and conclusions of law are not filed separate from the judgment as provided by Rule 296 [1] does not affect their validity. *Davis v. Davis*, 507 S.W.2d 841, 843 (Tex.Civ.App.-Houston [14th Dist.] 1974) *rev'd on other grounds*, 521 S.W.2d 603; *Hemphill v. S & Q Clothiers*, 579 S.W.2d 564, 567 (Tex.Civ. App.-Forth Worth 1979, no writ).

■ Where the findings of fact are recited in the judgment and the court's decree is based solely thereon, we may not indulge any assumptions or implications concerning findings or theories which may support the judgment. *Cottle v. Knapper*, 571 S.W.2d 59, 64 (Tex.Civ.App.-Tyler 1978, no writ); *Stanford v. Lincoln Tank Co.*, 421 S.W.2d 412, 413 (Tex.Civ.App.-Fort Worth 1967, no writ).

It is quite apparent in the case at bar that the judgment of the court is based solely upon the finding that a public road exists over, along and across the plaintiffs' lands. Since there is no pleading or proof of express dedication of the roads in question to the public by the plaintiff landowners, the trial court's judgment can only be affirmed if the landowners can be said to have impliedly dedicated the roads to the public. In this connection, we shall address appellants' point of error number six complaining of rendition of judgment in favor of Uvalde County (and impliedly for Terry Moore as a member of the public) as there is insufficient evidence to support a judgment declaring the existence of public roads across their lands since that point is dispositive of this appeal. For the ease of discussion, reference will be made to a map of the property reproduced below.

---

1. All references to rules are to Tex.R.Civ.P. (Vernon 1981) unless otherwise indicated.

In 1940 Margaret and Roy Owens (appellants) bought approximately 250 acres of land in Uvalde County indicated as Owens # 1 on the map. Later, in 1944, the couple purchased 2 additional tracts, shown as Owens # 2 and Owens # 3, from Mac Woodley. Subsequent thereto, Jack and Marilyn Lee acquired the tracts located north of

Owens # 1 and the Crider property. These tracts were formerly owned by A. J. Owens. The Crider property was owned by Boley Owens. The Criders have owned their property since 1957.

This suit involves 5 roads across several distinct tracts of land. Road number 1, which was built by Boley Owens in 1924, commences at the Old Uvalde Road and runs in a north-south direction through the Crider property to the Crider home. At the intersection of this road and the Old Uvalde Road there is a cattle guard and there is testimony that a gate was located there until removed by the county prior to institution of this suit. Approximately at the half-way point of this road, where the Lee and Crider properties meet, there was or is a gate which Mr. Crider kept under lock and chain from time to time.

At the Crider home the road turns east (and is denominated as road # 2) until it reaches property owned by Ernest Kelley; it then turns north and runs through the Kelley property until it intersects road # 3 which plaintiffs admit is a public road dedicated by the Roy Owens. There is testimony that at this juncture a gate formerly stood until removed by the county. Another public road transects road # 3 at the intersection of Owens # 1, Owens # 2, and the Kelley tract. This road runs in a north-south direction, ending at the most northerly south eastern corner of the Kelley tract. This road terminates at a gate maintained by Mr. Braden, owner of the tract south of Owens # 2.

Road # 4 begins at the Braden gate and runs across a portion of Owens # 2 which the parties referred to both at argument and in their briefs as the "shoestring piece of land." When this road reaches the Kelley boundary it turns south becoming road # 5. On this road at the boundary between Owens # 2 and Owens # 3 is located a gate. This road continues along the eastern boundary of Owens # 3, and at approximately the center point of that tract, turns west, bisecting Owens # 3. Where this road meets the Terry Moore tract there is located another gate.

Terry Moore purchased his tract of land from Mr. and Mrs. Gordan Ware approximately one and one-half years before institution of this suit. West had acquired the land from Mr. and Mrs. Gordan Ware. This tract of land was never a part of the Owens' property. Mrs. Ware testified that they used the road through the Owens # 3 tract with Mr. Owens' permission and characterized the road as a "trail." There is no evidence in the statement of facts before this court that Terry Moore had any type of agreement with the Owens regarding use of roads 4 or 5 when he acquired his property.

 Common law dedications, such as the one involved here, are divided into two classes, express and implied. *O'Connor v. Gragg*, 161 Tex. 273, 339 S.W.2d 878, 882 (1960). This dedication falls into the latter class, thus it was incumbent on appellee to establish all of the elements of an implied dedication. The essential elements of a valid dedication are: (1) a person competent to dedicate; (2) a public purpose that will be served by the dedication; (3) an offer or tender of dedication; and (4) an acceptance of the offer or tender. *Dinwiddie v. American Trading and Production Corp.*, 373 S.W.2d 867, 869 (Tex.Civ.App.-El Paso 1964, no writ); *O'Connor v. Gragg*, 324 S.W.2d 294 (Tex.Civ.App.-Eastland 1960) aff'd 161 Tex. 273, 339 S.W.2d 878 (1960). Thus, in order to constitute a dedication, it is essential that there be an intention on the part of the proprietor of the land to dedicate the same to public use. This intention, in the case of implied dedication, need not be evidenced by deed, but it must be shown by some clear and unequivocal act or declaration of the owner evidencing an intention to set it apart to public use. *Oswald v. Grenet*, 22 Tex. 94, 99 (1858); *Cockrell v. City of Dallas*, 111 S.W. 977, 978 (Tex.Civ.App.-1908, no writ). As the supreme court said in *City of Houston v. Scanlan*, 120 Tex. 264, 37 S.W.2d 718, 720 (1931):

> The vital principal ... upon which the doctrine of dedication rests, is the intention of the owner to dedicate. This intention may be implied from the owner's

acts, coupled with the intention with which he did the acts. . . . But the intention to dedicate must be shown or inferable, by sufficient evidence, from the owner's acts.

See also, City of Tyler v. Smith County, 151 Tex. 80, 246 S.W.2d 601, 605 (1952).

██ In certain instances, when coupled with other facts, public use will raise an inference of the owner's intent to dedicate; however, evidence of public use without more is not sufficient to indicate such a clear and unequivocal act on the owner's part to establish his intent to dedicate thus estopping him from denying the fact of public dedication. *Maddox v. Maxwell,* 369 S.W.2d 343, 347 (Tex.1963); 19 Tex.Jur.2d *Dedication* § 21 (1960). The intention to dedicate must be shown by something more than an omission or failure to act or acquiescence on the part of the owner. *Maddox, supra.* The establishment of facts constituting dedication cannot be left to conjecture and when the asserted dedication rests in estoppel, the evidence should clearly and satisfactorily establish the necessary facts. *Henderson v. Frio County,* 362 S.W.2d 406 (Tex.Civ.App.-San Antonio 1962, writ ref'd n. r. e.). "Since, by a dedication, valuable rights in land pass from the owner, no presumption of an intent to dedicate arises, unless it is clearly shown by his acts and declarations, or by a line of conduct, the only reasonable explanation of which is that a dedication was intended." *International & G.N.R. Co. v. Cuneo,* 108 S.W. 714, 716–17 (Tex.Civ.App.1908, no writ), cited with approval in *Maddox, supra.*

██ Evidence adduced in the trial court by appellees in support of their claim of implied dedication of the roads in question was limited to factual conclusions by landowners Crider and Kelley that the roads were public roads, the fact that the Cupps, Criders, Kelleys and Moores (all landowners in the general vicinity of the roads) used the roads without first being granted permission and rather lengthy testimony elicited from past commissioners and a former county judge that the county had, from time to time, maintained the roads without objection. There is also evidence in the record that, as a matter of policy, the county maintained private as well as public roads. George Moore, appellee Moore's father and a former county commissioner, testified as follows:

Q: If your equipment should be down there, if someone had a hard time getting out and asked him or he saw it, he would go ahead and blade it for citizens?

A: Yes, sir.

Q: Whether it be a county, public or private road, it would not make any difference?

A: It had been done in the past. It got to the point that we had so much other stuff to do that we couldn't do it.

Q: Up until Judge Darley called it to your attention, that was the policy in the whole county?

A: Yeah.

Acquiescence by the landowner appellants in maintenance of the roads by the county cannot be considered as such clear and unequivocal acts on their part as to estop them from denying their intention to dedicate the roads in question. *See, Dinwiddie v. American Trading & Production Corp.,* 373 S.W.2d 867, 869 (Tex.Civ.App.-El Paso 1963, no writ).

██ Furthermore, there is little, if any, evidence in the record before this court that the public in general, rather than a limited segment of the public (namely landowners in the area) used these roads. Although, under the right circumstances, the uninterrupted use and enjoyment of land as a road by a limited number of persons may establish a private right of way, it is manifest that no dedication arises from such use. 26 C.J.S. § 18 *Dedication* (1956). *See, Greenway Parks Home Owners Ass'n v. City of Dallas,* 159 Tex. 46, 312 S.W.2d 235, 241 (1958).

██ The question of whether a public way has been acquired by implied dedication is a question of fact. *Garza v. Garza,* 552 S.W.2d 947, 952 (Tex.Civ.App.-Tyler 1977, no writ). As we view the case, the finding of fact, which forms the basis of the

trial court's judgment that the roads in question have been impliedly dedicated to the public, is not supported by sufficient evidence that the appellant landowners intended a public dedication. Appellants' point of error number six is sustained. We accordingly reverse and remand the case to the trial court for a new trial.