**CITY OF DALLAS v. HAWORTH.**

**No. 14040.**

Court of Civil Appeals of Texas. Dallas.

Jan. 28, 1949.

Rehearing Denied Feb. 18, 1949.

H. P. Kucera, City Atty., and Robert L. Lattimore, Asst. City Atty., both of Dallas, for appellant.

Andress & Ramsey, of Dallas, for appellee.

CRAMER, Justice.

In 1929 the City of Dallas enacted its original comprehensive zoning ordinance. At that time the National and State Constitutions prohibited the sale of intoxicating liquors. The ground floor of 311 North Collett Street was then being used as a cafe, restaurant, or tea room, the second floor as a residence. After beer was legalized, the City, under such original ordinance, adopted a general policy of granting beer licenses and wine permits for use in connection with cafes and restaurants located in local retail districts or districts of lower classification, as well as in connection with non-conforming uses in other districts; and, in line with that policy, in 1938, and yearly thereafter, issued such permits to the operators of the cafe at said location. On April 30, 1947 appellant City adopted an amended or revised zoning ordinance. Under this revised ordinance appellee's property was zoned A-1 Apartment. Under the old ordinance it had been zoned 2-D Apartment. The City did not contest, but agreed to appellee's right to continue the use of his property as a restaurant, as a non-conforming use. On December 15, 1947, appellee petitioned the City Council to rezone his property from A-1 Apartment to LR-2 Local Retail. The sale of beer was, under the new ordinance, prohibited in all classifications having a residential classification as well as in an LR-1 local retail district. Appellee was selling beer in said cafe under a license when the new ordinance was adopted, which license did not expire until February 17, 1948. On February 6, appellee made an application to appellant's Building Inspector for a certificate of compliance, such certificate being necessary in order for appellant to secure a State beer license. On the same date this was refused and appellee immediately appealed to the Board of Adjustment. On the same day appellant and appellee entered into an agreement whereby appellee was to receive a provisional permit from the City and from the State of Texas to sell beer pending action of the Board of Adjustment on the appeal, and, if necessary, pending the action of a court of competent jurisdiction on an appeal from the ruling of such Board, which agreement is hereinafter set out in full.

On March 8, 1948, the Board of Adjustment denied the appeal of appellee.

On March 9, 1948, the City Council denied appellee's petition for a zoning change.

On the trial below, the parties, among other facts, agreed to the following: "(26) From the time of the legalization of the sale of beer in the City of Dallas until the enactment of the new zoning ordinance, it was the administrative policy of the City of Dallas to issue certificates to the effect that the sale of beer was allowed in connection with non-conforming uses. (27) At some time during the summer of 1947, an opinion was given by the City Attorney of the City of Dallas to the effect that, under the new zoning ordinance, the sale of beer had become illegal in connection with non-conforming uses located in dwelling, duplex and apartment districts. (30) At the time of the enactment of the new zoning ordinance, there were numerous establishments in the City of Dallas, constituting non-conforming uses, located in dwelling, duplex or apartment districts, which were then engaged in the sale of beer under licenses issued by the City of Dallas. (33) It is now the policy of the City of Dallas to require every person holding a license to sell beer in connection with a non-conforming use to appeal annually to the Board of Adjustment, and to appear annually before that Board, before receiving a renewal of such license."

The appellee did not secure the State or City beer license under the provisional certificate until March 19, when the State license was issued, and March 22, when the City license was issued. The City license expired March 19, 1949. He had sold beer without City or State license from Febru

ary 18 to March 19, 1948. Thereafter on May 18, 1948, the City Council, by resolution, cancelled the beer permit and directed the City Attorney to institute suit to cancel the license and for injunction.

Appellee by his first two counter points asserts that. the trial court's judgment should be affirmed because there are no findings of fact by the trial court and appellant's brief does not show that there is no reasonable theory upon which the judgment could be sustained. The trial court's judgment contains the following findings of fact: " * * * and the court having heard the pleadings, the stipulations, the evidence and the argument of counsel, finds that the defendant holds a valid and subsisting license issued by the plaintiff for the sale of beer at 311 North Collett Street, dated March 22, 1948, expiring March 19, 1949, and that such license should not be revoked, and that such license was regularly and properly issued, inasmuch as the defendant and his predecessors in title have been engaged in the lawful sale of beer in connection with the operation of a restaurant business, incidental to and a portion of the legal non-conforming use existing at 311 North Collett Street since prior to September 11, 1929, and that such property is properly zoned for apartment use, subject to the right of the defendant to continue his non-conforming use as it has heretofore existed," etc. This raises the question: Is it necessary to request and secure findings of fact, if they are substantially contained in the judgment, or be penalized by the above rule claimed by appellee? This same question has been passed on adversely to appellee by the Fort Worth Court of Civil Appeals in Warren v. Haverkorn, 191 S.W.2d 793, syl. 10. On that authority, the assignments are overruled.

Appellant's first point of error attacks the trial court's holding that the sale of beer was incidental to, and a part of, the non-conforming use of the property in question, as a restaurant. Appellee's counter point is to the effect that since the new zoning ordinance does not expressly prohibit the sale of beer on appellant's property, the trial court did not err in holding the beer permit was regularly and properly issued by the City, and correctly followed the City's administrative interpretation existing since 1933, permitting the sale of beer in connection with the operation of a cafe as a legal non-conforming use. The record shows that the old ordinance did not expressly cover, nor refer to, the sale of beer in any classification. The new ordinance, Article 165—11, provides for Zone A–1 Apartment District Regulation (the zone in which appellant's property is located) as follows: "Section 1. Use Regulations. In an A–1 District no land shall be used and no building shall be erected for or converted to any use other than: 1. Any use permitted in a D district. 2. Multiple family dwellings. 3. Apartment buildings in which rooms and apartments are rented to resident guests in which, however, no retail businesses are permitted. 4. Accessory buildings including a storage garage and bona fide servants quarters not for rent but for use of servants employed on the premises, when located not less than sixty (60) feet from the front line and not less than ten (10) feet from any other street line. 5. Temporary buildings. See Art. 165—5, sec. 1, par. 8. 6. Bulletin boards and signs. See Art. 165—5, sec. 1, par. 9." (Section 2 provides for height regulations, sec. 3 to area regulations, not material here.)

Section 165—5, sec. 1, paragraphs 8 and 9, referred to in subdivisions 5 and 6 of sec. 1 above, provides as follows: "(8) Temporary buildings to be used for construction purposes only and which shall be removed upon completion or abandonment of construction work. Field offices for the sale of real estate which shall be removed upon request of the Building Inspector. (9) Bulletin Boards and signs, illuminated or otherwise, for churches and schools not exceeding eighteen (18) square feet in area when attached to the building or where erected in the front yard behind a building line. Temporary signs pertaining to the sale or rental of property are permitted, but shall be removed by the agent or owner immediately upon the sale or rental of the premises. A name plate giving the name and occupation of the occupant is permitted, provided it is attached

flatwise to the building and does not exceed one hundred forty-four (144) square inches in area."

The first classification mentioning beer is Article 165—15 "C-1" Commercial District Regulations, where, under sec. 1, among others is the listing, "Beer tavern."

In Article 165—14 "LR-2" Local Retail District Regulations are listed under sec. 1 as follows: " * * * Restaurant with drive-in facilities * * * Any other retail use provided such use is not noxious or offensive by reason of the emission of odors, soot, dust, noise, gas fumes or vibration but excluding such uses as are enumerated in Articles 165—15, 165—16, 165—17, and 165—18. Accessory building and uses customarily incident to the above. No accessory use shall be construed to permit the keeping of articles or materials in the open or on the outside of the building."

 The plain reading of the ordinance, therefore, by specific terms states what a building or lot may be used for in each classification and specifically in each instance excludes all other uses. In this it differs from the old ordinance. Each lower classification expressly includes by its terms any use specifically listed as permissible in a higher classification. The first classification permitting "uses customarily incident to the above," is listed under permissible uses in LR-2 which is a lower classification than A-1 Apartment, in which appellee's property is located.

Appellee in his brief, page 7, says: "The appellee is in complete accord with the appellant that the City of Dallas does have the power and authority to prohibit the sale of beer in such districts as it believes advisable, and is in complete accord with all of the authorities cited by the City of Dallas under its point of error number one. The appellee is in complete accord with the appellant to the effect that a beer permit is not a property right but is a mere license or privilege, and is in full accord with all the authorities cited by the City of Dallas under point of error number one to that effect." See Pitre v. Baker, Tex. Civ.App., 111 S.W.2d 359; Tritico v. Texas Liquor Control Board, Tex.Civ.App.,

126 S.W.2d 738; Eckert v. Jacobs, Tex.Civ. App., 142 S.W.2d 374; Louder v. Texas Liquor Control Board, Tex.Civ.App., 214 S.W.2d 336. We therefore sustain appellant's first proposition.

By appellant's second and third points of error it contends that only a court of competent jurisdiction had a right to overrule the Board of Adjustment and, therefore, the trial court erred in holding that the issuance of the beer permit by the license clerk was regularly and properly issued, and appellant was estopped from questioning its validity. Appellee counters that the Board of Adjustment has no jurisdiction or authority to exercise its own discretion in granting or withholding permits for the sale of beer to non-conforming users, and that appellee's beer permit having been regularly issued by the proper officers of the City, and no appeal therefrom having been taken by the City, it became final.

In passing on these contentions it is necessary to consider the agreement of the parties made on February 6, 1948. It is as follows: "Witness this Agreement by and between the City of Dallas, Party of the First Part, and L. D. Haworth, hereinafter referred to as 'Applicant,' Party of the Second Part; Whereas, the said applicant conducts and operates a place of business at 311 North Collett Street, within the said City of Dallas and in the operation of said business, sells beer, etc., under a permit duly issued under the laws of the State of Texas; and, Whereas, the said permit will expire on the 17th day of February, 1948, and the said applicant wishes to renew same; and, Whereas, since the issuance of said permit to applicant, a new zoning ordinance has been passed in the City of Dallas and it has been ruled by the City Attorney that beer may not be sold by such a non-conforming use as that of the applicant; and, Whereas, before said applicant can get a permit for the sale of beer, etc., issued to him under the laws of the State of Texas, and applicant must first obtain from the Building Inspector's Office of the City of Dallas a certificate stating, in effect, that the location for the business to be covered by said permit is within a use district permitting the sale of beer, etc.; and, Whereas, an appeal to the Board of

Adjustment of the City of Dallas is the proper procedure for applicant to take in seeking relief from the restrictions of the zoning ordinance of the said City of Dallas in pursuing his application for such certificate and permit, or another proper procedure is for the applicant to petition for a zoning change; and, Whereas, it is recognized by the said City of Dallas that, in some instances, an undue hardship might be imposed upon some applicants by the withholding of such certificates by said Building Inspector's Office and the resulting withholding of the permit for the sale of such commodity, pending said appeal to said Board of Adjustment; and, Whereas, the said City of Dallas has agreed to and does hereby authorize its Building Inspector to issue to this applicant a provisional certificate pending the appeal of this applicant to the said Board of Adjustment from the restrictions of the use district in which applicant's business is located in regard to the sale of beer, etc., within said district, and said provisional certificate to be in force and effect and in extent only during said appeal to the said Board of Adjustment, or during the appeal therefrom, if any is taken, to a court of competent jurisdiction as provided by law and no further, unless further extended or made permanent by the action of said Board of Adjustment, or said court of competent jurisdiction, and same is not to be considered or taken in any respect as a waiver or release on the part of the City of Dallas of any right secured it by its ordinances or the laws of the State of Texas; and, Whereas, the said applicant has agreed and does by these presents agree to accept said provisional certificate and abide by the provisions hereof in respect thereto, but without waiving any of applicant's rights under the law, and said applicant further agrees to pursue his or its remedy by way of appeal to the said Board of Adjustment and abide by the decisions thereof, unless applicant desires to further pursue his or its right of appeal to a court of competent jurisdiction, and that, unless such appeal or appeals are taken, that such provisional certificate, together with the license issued thereon, shall be a nullity and of no force and effect, otherwise, same to be effective as aforementioned during the pendency of said appeal or appeals; Now, therefore, pursuant to the hereinbefore agreement, the said parties of the first and second parts hereunto set our hands and agree to abide hereby, and the Building Inspector is hereby authorized to issue such provisional certificate to the said party of the second part to the effect that his said business location is situated in a use district where the sale of beer, etc., is not now prohibited by City Ordinance. Witness our signatures this the 6th day of February, 1948. City of Dallas By Charles C. Ford for Roderick B. Thomas, City Mgr., Party of the First Part. L. D. Haworth, Party of the Second Part. Attest: Earl Goforth, Earl Goforth, City Sec."

The Board of Adjustment denied appellee's appeal March 8, 1948, and on the certificate of compliance issued by appellant under that agreement, appellee secured the beer license from the State and City just after the expiration of the time he had to file his application for and secure a writ of certiorari to take such adverse ruling to a district court. When appellee failed to appeal, the City Council cancelled the City license and ordered the City Attorney to file this suit. In view of our holding that the sale of beer as an incident to a restaurant business is not a property right and is not protected as a non-conforming use, it follows that appellee's agreement binds him and that his use of the same after the time the order of the Board of Adjustment became final, was a violation of that agreement, and the beer license should be cancelled and the injunction granted. The judgment of the trial court is therefore reversed and here rendered cancelling the beer permit, or license, and granting the injunction prayed for by the appellant City.