**June Glover SIMMONDS and Norman D. Simmonds, Appellants,**

v.

**James Eugene GLOVER, Appellee.**

No. 12849.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 19, 1955.

Rehearing Denied Nov. 16, 1955.

Huson & Bissett, Hobart Huson, Refugio, Barker, Barker & Simpson, Galveston, for appellants.

W. Jay Johnson, John C. Hoyo, San Antonio, for appellee.

POPE, Justice.

This is a child custody suit between the father and mother who were divorced in 1949, by decree of the 81st Judicial District Court of La Salle County, Texas. The mother, who is appellant, has since remarried and lives with her husband in Michigan. The father also has remarried and lives with his wife in Refugio County. The original decree awarded custody to the mother until the child reached the age of six and thereafter gave her custody

during the school months and gave the father custody during the summer months. The child is now ten years old. This is an appeal from a judgment which changed the former custody order. Under the new order, the father will have the custody during school months and the mother during the summer months. Since the trial court felt there was some danger that the mother would not return the child from Michigan, the trial court correctly required that the mother make a surety bond in the sum of $1,000, to assure her obedience to the order that she return the child to Texas in accord with the court's custody order. Gholson v. Wilmoth, Tex.Civ.App., 225 S.W.2d 605; Dickson v. McLaughlin, Tex. Civ.App., 69 S.W.2d 209.

The case presents no problem of jurisdiction arising out of the Michigan and Texas domiciles. Both the mother and father submitted to the Texas Court by separate proceedings to re-examine the custody order. Those proceedings were consolidated. The mother, during 1954, while in Michigan, refused to obey the Texas custody decree to deliver the child to the father and he commenced proceedings in Michigan upon the Texas decree. The Michigan Court took jurisdiction to enforce and did enforce the Texas custody order. See Bevan v. Bevan, Tex.Civ.App., 283 S.W.2d 305.

The sole question before this Court is whether the trial court abused its discretion in changing the former custody order. Appellant urges that the trial court granted the changes in the order only because the mother indicated an intent to deprive Texas of jurisdiction and the father of custody by removing the child to Michigan permanently. At the conclusion of a lengthy trial, the trial judge made some oral comments. He expressed an opinion that the mother would endeavor to deprive the father of custody. But the judge further stated that he was taking into consideration all the circumstances on the right of the father to see his child, the feeling between the parties, and the welfare of the child. He stated that there had been a change of conditions and that he would make findings of fact. No separate written findings were made, but the judgment itself embodied findings of material changes. Stahl v. Westerman, Tex.Civ.App., 250 S. W.2d 325. The judgment also enjoined the mother's new husband from attempts to instill hatred and disrespect in the child toward the father and enjoins the father from such conduct with reference to the mother's husband. The record discloses an exhaustive inquiry about the homes, the associations of the child, his age, progress and welfare. The trial judge, from this record, demonstrates patience in an effort to discern what is for the best interest of the child. He considered and weighed certain charges and counter-charges, heard testimony from the neighbors of the parents, and consulted with the child himself. Both parents were adjudged fit and proper persons. We cannot say that the court abused its discretion, nor could we substitute our ideas were they to conflict with those of the trial court, since there was substantial evidence to support the fact of several material changes. There was no abuse of discretion. Taylor v. Meek, Tex., 276 S.W.2d 787; Hall v. Dodson, Tex. Civ.App., 278 S.W.2d 558; Bryant v. Birdsong, Tex.Civ.App., 277 S.W.2d 922; Cavender v. Asbeck, Tex.Civ.App., 259 S. W.2d 578; Bohls v. Bohls, Tex.Civ.App., 188 S.W.2d 1003.

The judgment is affirmed.