**G. P. COTTLE et ux., Appellants,**

v.

**Ollie Mae KNAPPER, Appellee.**

**No. 1161.**

Court of Civil Appeals of Texas, Tyler.

Aug. 31, 1978.

Rehearing Denied Sept. 21, 1978.

J. R. Patterson, Jr., Bath, Turner & Patterson, Henderson, for appellants.

B. J. Wynne, Wynne & Wynne, W. Bruce Monning, Wills Point, for appellee.

DUNAGAN, Chief Justice.

Ollie Mae Knapper, appellee, brought suit for cancellation of deed from Flora Miller dated April 24, 1975, conveying certain property located in Overton, Texas, to G. P. Cottle and wife, Mary Cottle, the appellants, "for and in consideration of the love and affection," because of undue influence and mental incapacity. By a warranty deed dated June 26, 1970, G. P. Cottle and wife, Mary Cottle had conveyed to Flora Miller the same property in question for the consideration of $4,500.00. G. P. Cottle and wife, Mary Cottle, brought suit in the nature of cross-action in trespass to try title and action to set aside deed from Flora Miller dated December 8, 1975, conveying the same property to Ollie Mae Knapper. The trial court sitting without the aid of a jury set both deeds aside and G. P. Cottle and wife, Mary Cottle, have appealed from the judgment. Appellee did not appeal from the decretal portion of the judgment adverse to her.

No requests for findings of fact or conclusions of law was made and none was filed. The court, however, in its judgment found "that Flora Miller did not have sufficient mental capacity to understand the nature and effect of her act in executing and delivering a deed to G. P. Cottle and wife, Mary Cottle, . . . dated April 24, 1975, . . . ."

The appellants have brought forward three points of error contending therein that the trial court erred in setting aside the deed from Flora Miller to the Cottles because there was (1) no evidence or, (2) the evidence was insufficient to establish that Flora Miller did not have mental capacity to execute said deed and (3) because the finding of the trial court that Flora Miller did not have sufficient mental capacity to execute the deed in question is contrary to the great weight and overwhelming preponderance of the evidence and is manifestly wrong.

When the assignment is that there is "no evidence," the reviewing court may consider only that evidence, if any, which, viewed in its most favorable light, supports the findings of the trier of the facts, and we must disregard all evidence which would lead to a contrary result. *Cartright v. Canode*, 106 Tex. 502, 171 S.W. 696 (1914); *Biggers v. Continental Bus System*, 157 Tex. 351, 303 S.W.2d 359 (1957). When the contention is made that the evidence is "insufficient" to support the findings of the trier of the facts, or the findings are "against the great weight and preponderance of the evidence," a Court of Civil Appeals must examine all of the evidence and reverse and remand for a new trial if it concludes that the verdict or finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1952).

Mrs. Knapper is a half sister to Mrs. Miller and Mr. Cottle is her nephew.

The three parties were the only witnesses to testify. Ollie Mae Knapper, the appellee, unfortunately was without legal representation at the trial. She undertook the very difficult task of representing herself. Mrs. Knapper's direct testimony consisted of a narrative statement. She testified that prior to and at the time of the execution of the deed in question that Mrs. Miller was old and in failing health and declining mentally rapidly (The record is not clear as to the age of Mrs. Miller at the time of the execution of the deed to the Cottles. Mrs. Cottle testified that she was probably 72 or 73. Mrs. Knapper said she was 77 and that she

was born in 1898.); she was losing weight rapidly; she was not eating a balanced meal; and she was not eating meals that were prepared for her by an employee but fed them to her dog; that she was not herself; her weight had gone down from her usual weight of over 200 pounds to less than 100 pounds; that she (Mrs. Knapper) was very worried about her condition and "kept asking that the Cottles would get some cafe to take out a warm meal a day"; "nothing was done"; then in January 1976 she contacted the Welfare Department in Henderson and "got a welfare worker to come out, and through that then—they had an employee to come out six days a week for three hours a day and take care of Mrs. Miller's house and provided her the meal"; Mrs. Miller was still asking me (Mrs. Knapper) to help her to get her things back from the Cottles. She (Mrs. Miller) didn't understand what was going on; at the time the deed was signed, she would have signed anything he (Mr. Cottle) asked her to sign; Mrs. Knapper was in regular contact with Mrs. Miller; and that Mrs. Miller was declining mentally as well as physically.

Upon executing the deed in question Mr. Cottle, an appellant, testified Mrs. Miller was to be allowed to live in the house and be cared for by appellants for the rest of her life.

Mrs. Cottle, one of the appellants, testified that Mrs. Miller's "health was failing her"; she lost a lot of weight but her mental condition was normal; that in the early part of 1976 "someone started coming in and cooking meals for her"; "that Mrs. Miller would forget to cook her meals and forget to eat"; that there was one major repair of the property since she and her husband acquired it that cost $400 of which sum $300 was paid out of Mrs. Miller's funds; this repair was made in the latter part of 1975; that at the time of trial of this case Mrs. Miller was in a nursing home where she had been placed by the Cottles. In response to a question by the court directed to him, appellants' attorney said he assumed her nursing home care was being paid from her social security checks. This was before the evidence was closed. The

Cottles were present and did not dispute the statement of their attorney. It appears from the undisputed evidence that Mrs. Miller was to a great extent having to care for herself.

Appellee's attorneys in their brief point out to us the following testimony given by Mrs. Knapper on cross-examination:

"Q. Are you saying that she [Mrs. Miller] did not have the mental capacity to make a deed?

"A. At the time that she made the deed to the Cottles, I would say she did not."

■ It is well settled that such question may not be asked and such testimony is inadmissible because whether Mrs. Miller had mental capacity to execute the deed in question involved a legal definition and a legal test. *Fox v. Lewis*, 344 S.W.2d 731 (Tex.Civ.App.—Austin 1961, writ ref'd n. r. e.); *Carr v. Radkey*, 393 S.W.2d 806 (Tex. 1965); *Cole v. Waite*, 151 Tex. 175, 246 S.W.2d 849, 852 (1952); *Chambers v. Winn*, 137 Tex. 444, 154 S.W.2d 454 (Tex.Com.App. 1941); *Brown v. Mitchell*, 88 Tex. 350, 31 S.W. 621 (1895). Such inadmissible testimony could not be considered on appeal in determining the sufficiency of the evidence even though it was received without objection or that it was elicited on cross-examination of a party litigant. An appellate court in applying the law to the testimony constituting the facts of the case, can only base its conclusion upon such testimony as is under the law competent. That testimony which is not competent should be given no probative force. *Robinson v. Risinger*, 548 S.W.2d 762, 767 (Tex.Civ.App.—Tyler 1977, writ ref'd n. r. e.); *Hines v. Nelson*, 547 S.W.2d 378, 383 (Tex.Civ.App.—Tyler 1977, n. w. h.); *Engineered Plastics v. Woolbright*, 533 S.W.2d 906, 909 (Tex.Civ. App.—Tyler 1976, n. w. h.); *The State of Texas v. Wilson*, 439 S.W.2d 134, 139 (Tex. Civ.App.—Tyler 1969, n. w. h.). The trier of facts in such cases as the one before us should be given all relevant and competent testimony with regard to the mental condition of the grantor and competent evidence

about his or her mental condition and mental ability or lack thereof which does not involve legal definitions, legal tests, or pure questions of law. A witness may be asked, assuming he or she knows or is a properly qualified expert, whether the grantor knows or had capacity to know the object of his or her bounty, the nature of the transaction in which he or she was engaged, the nature and extent of his or her estate, and similar questions. *Carr v. Radkey,* supra. No such admissible testimony appears in the record.

██ While imbecility or weakness of mind in itself does not necessarily incapacitate one from conveying his or her property, yet when there is evidence tending to show imposition of a material fact, weak understanding of the transaction in which such person is engaged may be considered by the trier of facts in estimating the fairness of the transaction. *Klindworth v. O'Connor,* 240 S.W.2d 470, 475 (Tex.Civ. App.—Dallas 1951, writ ref'd n. r. e.).

██ Appellee relies upon the rule of law that the absence of findings of fact requires an appellate court to treat such fact issue as resolved in favor of the judgment cancelling the deed in controversy. It is further contended that, if the judgment can be sustained under any theory in the case, it should be affirmed by this court. The trial court's judgment, however, contains a specific finding of fact or recital, stated above, and the court rendered judgment based solely thereon. The fact that findings of fact and conclusions of law are not filed separately from the judgment as provided for by Rule 296, T.R.C.P.,[1] does not affect their validity. *Davis v. Davis,* 507 S.W.2d 841, 843 (Tex.Civ.App., 1974) reversed on other grounds 521 S.W.2d 603.

Prior to January 1, 1971, Rule 306, T.R. C.P., reads:

"The entry of the judgment shall contain the full names of the parties, as stated in the pleadings, for and against whom judgment is rendered, *and shall carefully recite the findings of the jury,*

*or the several findings, if more than one, upon which the judgment of the court is based."*

The emphasized language of the original rule was deleted by amendment effective January 1, 1971. Rule 306, as it now reads does not provide for, or require, the judgment to recite the finding or findings upon which it is based.

██ Before the 1971 amendment to the rule, it was well established that it was not necessary to request and secure findings of fact, if they were substantially contained in the judgment. As the court said in *Warren v. Haverkorn,* 191 S.W.2d 793, 797 (Tex.Civ. App.—Fort Worth 1945, no writ history):

"It is quite apparent from the findings of fact recited in the judgment that the decree of the court is based solely upon the statute of limitation pleaded and sought to be established by plaintiffs. Under the cited rule, 'The judgment may not be supported upon appeal by a presumption of finding upon any ground of recovery . . . no element of which has been found by the trial court; . . .' We can see no difference in the application of the rule to a situation where the court has filed findings of fact upon request of a party and where, as in this case, he files the necessary findings of fact to the judgment to support it. It could hardly be assumed that if he had filed fact findings upon a request that they would have been different from those he did find as contained in the judgment. . . . If the judgment as entered had been a general one and had not attempted to recite the facts found by the court, the situation might have been different."

See also: *City of Dallas v. Haworth,* 218 S.W.2d 264, 266 (Tex.Civ.App.—Dallas 1949, writ ref'd n. r. e.).

In the *Warren* case, as here, no findings of fact were filed at the request of either party as none was requested, but the judgment recited the fact found by the court and which was the sole basis for the judg-

---

1. All references herein are to Texas Rules of Civil Procedure unless other indicated.

ment. It was contended that if the judgment can be sustained under any theory in the case it should be upheld on appeal.

The same construction has been given the rule subsequent to the 1971 amendment as evidenced by the holding in *Davis v. Davis,* supra.

■ We believe that *Davis* represents the proper interpretation of Rule 306 and hold that even though Rule 306 does not now provide for or require the judgment to contain findings, where the findings of fact are recited and the decree of the court is based solely thereon, the judgment may not be supported on appeal by a presumption of finding upon any ground of recovery, no element of which has been found by the trial court. *Warren v. Haverkorn,* supra; *City of Dallas v. Haworth,* supra.

■ The fact that the judgment contained a finding of fact did not preclude appellants from requesting separate findings of fact and conclusions of law under Rule 296, T.R.C.P., and associate rules. This they chose not to do. Appellants elected to challenge the lack of probative evidence or the sufficiency thereof to support the sole finding of the trial court upon which the judgment was based.

It is quite apparent in the case at bar that the judgment of the court is based solely upon the finding that Mrs. Flora Miller did not have sufficient mental capacity to execute the deed in question.

■ The preferable practice is to file findings of fact and conclusions of law in a separate instrument, but Rule 296, T.R.C.P., does not specifically so require. The trial court was authorized to amend the judgment in question to incorporate specific findings of fact and conclusions of law if requested to do so. *Payton v. The Hurst Eye, Ear, Nose & Throat Hospital & Clinic,* 318 S.W.2d 726, 735 (Tex.Civ.App.—Texarkana 1958, writ ref'd n. r. e.); 57 Tex.Jur.2d p. 348, sec. 587. No such request was made in the instant case. In a nonjury trial the judge is not required to state his findings or conclusions in the judgment since they usually are incorporated in a separate instru-

ment filed after formal request by a party. If the judge, however, prefers they may be stated in the judgment. McDonald, Texas Civil Practice, Vol. 4, sec. 16.05, p. 10 and sec. 17.09.2, p. 68. Where findings of fact and conclusions of law are set forth as recitations in the judgment appealed from, they shall be treated as findings of fact and conclusions of law filed in accordance with Rule 296. *June Glover Simmonds v. James Eugene Glover,* 283 S.W.2d 808 (Tex.Civ. App.—San Antonio 1955, n. w. h.); *Stahl v. Westerman,* 250 S.W.2d 325, 326 (Tex.Civ. App.—San Antonio 1952, n. w. h.); 57 Tex. Jur.2d p. 348, sec. 587.

■ Viewing the evidence most favorable to the judgment we believe there is some evidence which supports the judgment. Appellants' first point of error is overruled. An examination, however, of all the evidence, as required by the insufficient evidence points, leads us to the conclusion that the evidence is not of sufficient strength to support the judgment.

The judgment of the trial court is reversed, and the cause is remanded for further development.