Delores J. BRADLEY, Appellant,

v.

Ruth JONES et al., Appellees.

No. 1344.

Court of Civil Appeals of Texas, Tyler.

July 31, 1980.

James E. Conley, III, Hardberger & Herrera, San Antonio, for appellant.

Earl C. Hill, Hill & Walls, San Antonio, for appellees.

SUMMERS, Chief Justice.

This is an appeal from a judgment in a consolidated nonjury trial of two separate causes of action. The trial court's judgment granted injunctive relief to plaintiffs in the first cause (appellees herein) and denied relief to plaintiffs in the second cause (appellant herein). From this adverse judgment appellant Delores J. Bradley has appealed.

We affirm.

Both causes of action originated out of the operation of the Ella Austin Community Center, a chartered nonprofit community service corporation doing business in San Antonio, Texas.

On February 20, 1978, the Board of Directors of the Center amended its by–laws, reducing the size of the board from thirty–three members to twenty–five members. Lots were drawn to establish the new terms of the remaining board members, staggered one year, two years, and three years.

At a regularly scheduled meeting of the Board of Directors on December 18, 1978, members of the Board (appellees herein) conducted an executive session in which the Executive Director, Delores J. Bradley (appellant herein), was terminated by a vote of the members present.

Appellees, Ruth Jones and other members of the Board of Directors of the Center, instituted the first cause alleging that Delores J. Bradley (appellant) was terminated on December 18, 1978, and asking that appellant be enjoined by temporary restraining order, temporary injunction, and permanent injunction in the following particulars:

A. Remaining on or about the premises of ELLA AUSTIN COMMUNITY CENTER, 1023 N. Pine, San Antonio, Bexar County, Texas, or any other such address where the business of the agency is carried out.

B. Refusing to immediately turn over the keys, business records and papers, books and funds belonging to the ELLA AUSTIN COMMUNITY CENTER to the Board of Directors or their representative.

C. Interfering in any way or fashion with the business or operation of the ELLA AUSTIN COMMUNITY CENTER and its Board.

D. Contacting any staff employee or Board member hereafter in any attempt to disrupt normal business.

E. Refusing to execute any necessary bank records and signature cards to immediately transfer access to agency funds to the Board of Directors.

F. Refusing to turn over to the Board of Directors any and all property of and belonging to the ELLA AUSTIN COMMUNITY CENTER.

Appellant, Delores J. Bradley, joined by four members of the Board, instituted the second cause alleging that the actions of the board meeting on December 18, 1978, were illegal and in contravention of the by–laws of the Ella Austin Community Center in certain particulars and asked that the court appoint a receiver, grant declaratory relief setting aside the alleged illegal acts of the Board, and enjoin the appellees from conducting any further alleged illegal activities.

On January 12, 1979, the trial court signed an order in the two causes sustaining "Motions to Consolidate" and providing in pertinent part as follows:

. . . and it is therefore Ordered, Adjudged and Decreed that the above actions be consolidated with a hearing on these Causes to be held at 9:00 a. m. on the 17th day of January 1979 on three issues after the hearing of any technical arguments on the pleadings if any to the suit:

I. Was the Board of Ella Austin Community Center prior to December 31, 1978 validly constituted;

II. Was the Executive Director validly terminated on December 18, 1978;

III. Is the Board sitting after December 31, 1978 validly and legally constituted.

On January 18, 1979, the consolidated action came on for trial on its merits before the court without a jury, and on January 31, 1979, the trial court rendered and signed its judgment in the case, finding that appellees' petition in the first cause should be in all things granted and that appellant's petition in the second cause should be in all things denied; adjudging that the termination of appellant Delores Bradley on December 18, 1978, was proper and authorized; and granting the Board of Directors of the Center (appellees herein) a permanent injunction against appellant Delores Bradley in the particulars requested; and ordering that petitioners in the second case (appellant herein) take nothing and that judgment be rendered against them.

Appellant Bradley predicates her appeal upon four points of error. In her first and third points of error appellant alleges that the trial court erred in finding that three members of the board of Ella Austin Community Center, Inc., constituted a quorum; and in finding that a legal board meeting was held on December 18, 1978. In both of these points appellant is complaining of factual findings made by the trial court from the testimony and evidence adduced at the trial of the case.

No statement of facts was filed. The court's judgment contained a recital of the following fact findings:

(1) That a quorum "constituted one-third of the duly elected or appointed and qualified members but not less than three in number"; that there was a quorum present at the meeting of the Board of Directors on February 20, 1978; that the twelve members present constituted a quorum; that one (Oliver Sutton) left the meeting before the drawing of lots, leaving eleven members present to constitute a quorum; that everyone on the Board at the time of that drawing was entitled to start with a new first term commencing January 1, 1978, and to hold two terms from and after January 1, 1978; that when board members finished two terms from and after that date, they must be off the Board for one year under the present by-laws.

(2) That there was a quorum present at the meeting of the Board of Directors on December 18, 1978; that twenty-two named persons were on the Board as of that date; that one member (Deborah Crawford) was terminated by virtue of three unexcused absences, leaving twenty-one members of the Board on December 18, 1978; that at the Board meeting on said date sixteen members of the Board were present, of which twelve voted to terminate Delores Bradley, three abstained and one other did not vote; and that the termination of Delores Bradley carried.

■ Where findings of fact and conclusions of law are set forth as recitations in a judgment appealed from, they shall be treated as findings of fact and conclusions of law filed in accordance with Rule 296.[1] *Cottle v. Knapper*, 571 S.W.2d 59, 64 (Tex. Civ.App.–Tyler, no writ); *Simmonds v. Glover*, 283 S.W.2d 808, 809 (Tex.Civ.App.–San Antonio 1955, no writ); *Stahl v. Westerman*, 250 S.W.2d 325 (Tex.Civ.App.–San Antonio 1952, no writ); 57 Tex.Jur.2d Trial p. 348, sec. 587.

■■ In the absence of a statement of facts, the findings of fact made by the court in cases tried without a jury are conclusive on the appellate court, and it must be presumed that the evidence was suffi-cient and every fact necessary to support the findings and judgment was proved at the trial. *Vanity Fair Properties v. Billingsley*, 469 S.W.2d 453, 454 (Tex.Civ.App.–San Antonio 1971, writ ref'd n. r. e.); *Mosolowski v. Mosolowski*, 562 S.W.2d 24, 26 (Tex.Civ.App.–Tyler 1978, no writ); *Mulcahy v. Cohen*, 377 S.W.2d 100, 102 (Tex.Civ. App.–Houston 1964, writ ref'd n. r. e.). Appellant's first and third points of error are overruled.

■ Appellant's second point of error asserts that the court erred in granting the permanent injunction against appellant since such relief went beyond the relief prayed for in the motion to consolidate. Although we find in the transcript the trial court's order of January 12, 1979, sustaining "motions to consolidate," there is *no motion to consolidate* in the record. Without a record showing such a motion, it is impossible for us to determine who made such motion and the scope of relief prayed for in such motion. Appellees' petition in the first cause contains allegations and prayer for a permanent injunction against appellant Bradley and there is nothing in the record reflecting an amendment to such petition. Although the order sustaining "motions for consolidation" enumerated three issues to be determined, it did not purport to amend or supercede the pleadings on file. Furthermore, when the parties announced ready for trial on January 18, 1979, they did so without any limitation in the record on the scope of the trial proceedings. The decree granting a permanent injunction is a final judgment, *Riggins v. Thompson*, 96 Tex. 154, 71 S.W. 14, 16 (1902), and must dispose of all parties and issues raised by the pleadings and evidence the same as final judgments in other civil actions. *Fort Worth Imp. Dist. No. 1 v. City of Fort Worth*, 106 Tex. 148, 158 S.W.2d 164, 166 (1913). Appellant's second point of error is overruled.

Appellant's fourth point of error alleges that the trial court erred in *representing* that it had jurisdiction to reform judgment, thus causing delay in preparing the statement of facts.

---

1. All references to Rules are to Texas Rules of Civil Procedure.

The record reveals that the trial court's judgment herein was rendered and signed on January 31, 1979. On February 23, 1979, appellant Bradley filed a motion requesting a correction of the judgment, asserting that the original judgment erroneously enjoined appellant and failed to award certain compensation to appellant. The record further shows that the trial court had a hearing on this motion on March 1, 1979, and on March 29, 1979, signed what was termed to be a "Reformed Judgment" which made no substantial change from the original judgment.

■ In denying appellant's motion for extension of time to file statement of facts, the Fourth Court of Civil Appeals in a per curiam opinion held the errors asserted, if errors they were, clearly constituted judicial errors, and the trial court had no authority to correct them after the expiration of the thirty–day period prescribed by Paragraph 6(c) of Rule 329b, citing *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex.1973); that the original judgment of January 31, 1979, is the only judgment which can form the basis of appeal; and that if the order signed on March 29, 1979, is disregarded, appellant's motion for extension of time was not timely filed and must be denied. We agree. In the absence of a statement of facts, we are unable to determine factually what, if any, representations the trial court may have made regarding its jurisdiction to reform judgment. Appellant's fourth point of error is overruled.

■ It is only in an exceptional case that an appellant is entitled to a reversal of the trial court's judgment in the absence of a statement of facts. *Houston Fire & Casualty Ins. Co. v. Walker*, 152 Tex. 503, 260 S.W.2d 600, 603 (1953). This is not such an exceptional case. Every reasonable presumption consistent with the record will be indulged in favor of the correctness of the judgment. *McElyea v. Parker*, 125 Tex. 225, 81 S.W.2d 649, 653 (1935).

Having considered all of appellant's points of error and finding them to be without merit, the judgment of the trial court is affirmed.