**D & B, INC. & Robert Kay, Appellants,**

**v.**

**Carolyn and Roger HEMPSTEAD D/B/A R & H Dirt Hauling, Inc., Appellees.**

**No. 09 86 020 CV.**

Court of Appeals of Texas, Beaumont.

Aug. 28, 1986.

David Stephens, Lufkin, for appellants.

Carolyn and Roger Hempstead, pro se.

## OPINION

BROOKSHIRE, Justice.

Appeal from action of the court awarding the Appellees a money judgment. The money judgment arose from the alleged failure of the Appellants to pay for delivery of loads of dirt to, or on, the property of Appellants.

There is no Statement of Facts. We have what appears to be a fairly complete transcript. However, the Clerk's Certificate certifies only that the "foregoing 31 pages are a true and correct copy of the following instruments...." It does not certify that all the instruments are in the transcript.

The transcript does contain Findings of Fact and separate Conclusions of Law. They are:

"*Findings of Facts*

"1. An oral contract existed whereby Plaintiffs would supply dirt to the Defendants and the Defendants would pay for the same.

"2. Plaintiffs supplied dirt to Defendants.

"3. Defendants measured bed of truck on two different occasions and paid several invoices as billed.

"4. Defendants refused to pay for the last two weeks.

"5. Defendants informed Plaintiffs that they would pay the bill less $972.00, which was a reduction of two yards of dirt for every load delivered, including those already paid for.

"6. Plaintiffs did not knowingly compromise and settle the amount owed.

"7. Plaintiffs filed suit for the $972.00 reduction.

"*Conclusions of Law*

"The Defendants owe the Plaintiffs $972.00." Under the state of this record, we are constrained to affirm the judgment of the trial court awarding to Carolyn and Roger Hempstead d/b/a R & H Dirt Hauling, Inc., $972.00, plus interest and court costs, in accordance with the trial court's judgment signed October 21, 1985.

In addition to the Findings of Fact and Conclusions of Law, there is a Statement of the Evidence. The Statement of the Evidence is not contrary to, nor does it destroy or diminish, the Findings of Fact or Conclusions of Law.

Apparently, the trial judge accepted the testimony and theories of recovery advanced by the plaintiffs. It is also reasonably apparent that the trial judge did not accept the defendants' (Appellants') theory of the case, being a defense based on an accord and satisfaction alleged to have arisen from a bona fide dispute concerning the amount or quantity of dirt delivered.

In a bench trial, the judge has broad discretion to weigh the evidence and the credibility of the witnesses and thereby to reach his own conclusions as to the ultimate controlling facts. *Gunter v. Molk*, 663 S.W.2d 674 (Tex.App.—Beaumont 1983, writ ref'd n.r.e.). Inescapably and necessarily, then, the trial judge, sitting alone, can accept or reject any or all of the testi-

mony of any of the witnesses. *Hood v. Texas Indemnity Ins. Co.*, 146 Tex. 522, 209 S.W.2d 345 (1948). It follows that the trier of facts can believe all of one witness' testimony and reject all of the testimony of another witness.

Under the state of this record, we must assume that there was sufficient evidence of probative force to sustain the trial judge's Findings of Fact and Conclusions of Law.

After reviewing the pleadings and the judgment of the court, we must conclude that all these appear to be in proper form and that the judgment fits and is harmonious with the pleadings, Statement of the Evidence as well as the Findings of Fact and Conclusions of Law.

We think that it is now the settled rule, governing appellate reviews, that where only fact findings are available with no statement of facts, the court must presume that the evidence supported not only the express findings made by the trial judge below, in a bench trial, but also any omitted findings, one or more elements thereof having been found by the trial court, necessary to support the judgments or orders of the trial judge sitting as both the finder of the facts and the concluder of the law. We think this is a correct statement of the appellate function under *TEX. R.CIV.P. 296, and 299.* The burden is on the party appealing from a bench trial judgment to show that the judgment is erroneous in order to obtain a reversal. *Englander Co. v. Kennedy,* 428 S.W.2d 806 (Tex.1968); *Bradley v. Jones,* 604 S.W.2d 450 (Tex.Civ.App.—Tyler 1980, no writ); *Nacol v. Metallic Development Corp.,* 614 S.W.2d 172, 175 (Tex.Civ.App.—Fort Worth 1980, writ dism'd); *Swacker v. Jet Const. & Realty Co., Inc.,* 535 S.W.2d 715, 716 (Tex.Civ.App.—Eastland 1976, writ ref'd n.r.e.). We hold the findings of fact sufficient to support the judge's orders. We must affirm.

AFFIRMED.