FEDERAL DEPOSIT INSURANCE COR-
PORATION, in Its Capacity as Receiver
of First National Bank of Irving, Texas,
Appellant,

v.

Robert MORRIS, Jr. and William O.
Shields, Appellees.

No. 05–89–00517–CV.

Court of Appeals of Texas,
Dallas.

Nov. 27, 1989.

Rehearing Denied Jan. 24, 1990.

T. Ray Guy, William C. Scott, Jenkens &
Gilchrist, Dallas, for appellant.

J. Kent Newsom, Newsom, Terry &
Newsom, Dallas, for appellees.

Before ENOCH, C.J., and
STEPHENS [1] and ASHWORTH [2], JJ.

## OPINION

ENOCH, Chief Justice.

Federal Deposit Insurance Corp. (FDIC),
in its capacity as receiver of First National
Bank of Irving (FNB–I), appeals the trial
court's judgment against it in a suit
brought by Robert Morris, Jr., and William
O. Shields. In a single point of error,
FDIC claims that the trial court erred in
failing to make findings of fact and conclu-
sions of law, thus depriving FDIC of the
opportunity to urge other points of error
concerning the factual and legal founda-
tions of the judgment. We agree. The

[1] The Honorable Bill J. Stephens, Justice, re-
tired, Court of Appeals, Fifth District of Texas at
Dallas, sitting by assignment.

[2] The Honorable Clyde R. Ashworth, Justice,
retired, Court of Appeals, Second District of
Texas at Fort Worth, sitting by assignment.

judgment of the trial court is reversed and the cause is remanded for a new trial.

## PROCEDURAL BACKGROUND

Trial was held before the court without a jury in the early fall of 1988, an election year. At trial, Morris and Shields sought recovery for damages they incurred by FNB–I's failure to convey an apartment building. FDIC asserted various legal and factual defenses. The trial judge lost his election to a full term on the court and did not sign a final judgment before leaving office. However, a final judgment was entered in favor of Morris and Shields on January 23, 1989, by the successor judge.

On January 31, 1989, FDIC, pursuant to rule 296 of the Texas Rules of Civil Procedure, requested the new presiding judge to make findings of fact and conclusions of law. The trial court judge acknowledged receipt of the request for findings of fact and conclusions of law on February 6, 1989. On February 24, 1989, FDIC, pursuant to rule 297 of the Texas Rules of Civil Procedure, filed a motion with the judge reminding him that findings of fact and conclusions of law had been requested and as of that date had not yet been filed with the clerk of the court. No findings of fact or conclusions of law were ever filed with the clerk.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW REQUIRED

Texas Rule of Civil Procedure 296 reads as follows:

> In any case tried in the district or county court without a jury, the judge shall, at the request of either party, state in writing his findings of fact and conclusions of law. Such request *shall* be filed within ten days after the final judgment is signed. Notice of the filing of the request shall be served on the opposite party as provided in Rule 21a.

TEX.R.CIV.P. 296 (emphasis added).

Texas Rule of Civil Procedure 297 reads:

> When demand is made therefor, the court *shall* prepare its findings of fact and conclusions of law and file same

within thirty days after the judgment is signed. Such findings of fact and conclusions of law *shall* be filed with the clerk and shall be part of the record. If the trial judge shall fail so to file them, the party so demanding, in order to complain of the failure, shall, in writing, within five days after such date, call the omission to the attention of the judge, whereupon the period for preparation and filing shall be automatically extended for five days after such notification.

TEX.R.CIV.P. 297 (emphasis added).

Morris and Shields respond that the record does contain findings of fact and conclusions of law and that such findings and conclusions are located in the judgment itself. They point to case law for the proposition that when findings of fact and conclusions of law are set forth as recitations in the judgment appealed from, they shall be treated as findings of fact and conclusions of law filed in accordance with rule 296 of the Texas Rules of Civil Procedure. *Cottle v. Knapper*, 571 S.W.2d 59, 64 (Tex. Civ.App.—Tyler 1978, no writ). Indeed, a plethora of Texas cases so holds. *See Lee v. Uvalde County*, 616 S.W.2d 367, 369 (Tex.Civ.App.—Tyler 1981, no writ); *Bradley v. Jones*, 604 S.W.2d 450, 453 (Tex.Civ. App.—Tyler 1980, no writ); *Peterson v. Peterson*, 595 S.W.2d 889, 891 (Tex.Civ. App.—Austin 1980, writ dism'd); *Hemphill v. S & Q Clothiers*, 579 S.W.2d 564, 567 (Tex.Civ.App.—Fort Worth 1979, no writ).

However, we note that in these cases, no request was made by any of the parties for findings of fact or conclusions of law pursuant to rule 296. The court in *Hemphill* simply concludes that, "the findings of fact recited in this judgment are to be given the same consideration as if they had been separately filed." *Hemphill*, 579 S.W.2d at 567. In *Cottle*, however, the court pointed out that the preferable practice is to file findings of fact and conclusions of law in a separate instrument from that of the judgment. *Cottle*, 571 S.W.2d at 64. In the case before us, a timely request for findings of fact and conclusions of law was made. Once the request was properly and timely made, the judge had thirty days in

which to file findings of fact and conclusions of law. Tex.R.Civ.P. 297. Morris and Shields fail to point out in the record where findings and conclusions by the trial court have been filed. Rules 296 and 297 clearly contemplate a separate instrument is to be filed.

■ When a party makes a proper and timely request for findings of fact and conclusions of law pursuant to rule 296, the trial court may not rely upon a reference back to recitals in the judgment itself to satisfy that request. Such recitals tend to mislead a party into failing to request specific findings, or as in this case, to request findings believing that none have been made and then bringing forth a point of error on appeal asserting failure of the trial court to respond to the request. *See generally Gonzalez v. Cavazos*, 601 S.W.2d 202, 203 (Tex.Civ.App.—Corpus Christi 1980, no writ) (holding that recitals in the judgment are not tantamount to findings of fact or conclusions of law); *Texas Hauling Contractors v. Rose Sales Co.*, 565 S.W.2d 240, 244 (Tex.Civ.App.—Corpus Christi 1977, no writ) ("Such recitations [of findings of fact and legal conclusions] in the judgment are not proper. It tends to mislead the parties, sometimes resulting in failure by them to request and receive specific findings"); *Cottle*, 571 S.W.2d at 64 (The preferable practice is to file findings of fact and conclusions of law in a separate instrument).

■ FDIC made a request for findings of fact and conclusions of law within ten days after the judgment was entered. No such findings having been filed, FDIC gave its reminder notice under rule 297. We hold that the trial court was in error in failing to make findings of fact and conclusions of law. *Anzaldua v. Anzaldua*, 742 S.W.2d 782, 783 (Tex.App.—Corpus Christi 1987, writ denied); *Fine v. Scott*, 592 S.W.2d 56, 58 (Tex.Civ.App.—Eastland 1979, writ ref'd n.r.e.).

Having concluded that the trial court erred in failing to file findings of fact and conclusions of law, the only issue remaining is whether we are required to either abate the appeal and order the trial court to enter findings and conclusions or remand this cause for a new trial. *See Joseph v. Joseph*, 731 S.W.2d 597, 598–60 (Tex.App.—Houston [14th Dist.] 1987, no writ).

### HARM

■ The general rule in Texas is that the failure of the trial court to file findings of fact and conclusions of law constitutes error, where the complaining party has complied with the appropriate rules of procedure in an effort to secure such findings. *Wagner v. Riske*, 142 Tex. 337, 342, 178 S.W.2d 117, 119 (1944); *Joseph*, 731 S.W.2d at 598. However, failure of the trial court to prepare and file findings of fact or conclusions of law under rule 296 does not require reversal of the trial court's judgment if the record before the appellate court affirmatively shows the complaining party suffered no harm. *Las Vegas Pecan & Cattle Co. v. Zavala County*, 682 S.W.2d 254, 256 (Tex.1984); *Wagner*, 178 S.W.2d at 120; *Sheldon Pollack Corp. v. Pioneer Concrete*, 765 S.W.2d 843, 845 (Tex.App.—Dallas 1989, writ denied).

■ In *Sheldon Pollack Corp.*, this Court stated that the test for determining whether the complaining party has suffered harm by the trial court's failure to file findings is:

[W]hether the circumstances of the particular case would require an appellant to have to guess the reason or reasons that the judge has ruled against it. *See Fraser v. Goldberg*, 552 S.W.2d 592, 594 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.). The issue is whether there are disputed facts to be resolved. *See Barnes v. Coffman*, 753 S.W.2d 823 (Tex.App.—Houston [14th Dist.] 1988, writ denied).

*Sheldon*, 765 S.W.2d at 845. In *Fraser v. Goldberg*, the court stated:

In factually complicated situations in which there are two or more possible grounds for recovery or defense, an undue burden would be placed upon an appellant. Having to try to guess the

reason or reasons the trial judge rules against him should not be required.

*Fraser*, 552 S.W.2d at 597. The test used in *Fraser* applies to the facts of this case. Here, several grounds for recovery were alleged and several defenses to liability were urged. We have already held that the recitations in the judgment do not satisfy the rule 296 request. A party is not required to guess first where findings are located and then guess what they are.

As to whether abatement of the appeal or remand of the cause is necessitated, we conclude that remand is mandated by the peculiar facts of this case. The remedy of abatement is not available. The original trial judge is no longer on the court and, consequently, no longer available to respond to our order to enter findings of fact and conclusions of law. *See Anzaldua v. Anzaldua*, 742 S.W.2d 782, 783 (Tex.App. —Corpus Christi 1987, writ denied); *see also Cherne Industries, Inc. v. Juan Magallanes*, 763 S.W.2d 768, 773 (Tex.1989) (here the court held that "[b]ecause the trial judge continues to serve on the district court, ... the error in this case is remediable").

The judgment of the trial court is reversed and this cause is remanded to that court for a new trial.