NUMBER 13-98-561-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


FILIBERTO PEREZ, JR. AND PAULA T. PEREZ, Appellants,


v.



ESPERANZA FLORES FEFFER, Appellee.

____________________________________________________________________


On appeal from the 206th District Court of Hidalgo County,

Texas.

____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Hinojosa and

Yañez

Opinion by Justice Yañez


 Appellants, Filiberto Perez Jr. and Paula T. Perez, appeal the
judgment of the trial court, which issued following a trial to both the
bench and a jury on causes of action arising out of a dispute involving
the purchase of a piece of property. We affirm in part, reverse and
remand in part.

 Appellee, Esperanza Feffer, agreed to sell a piece of property, with
a house on it, to her nephew, Filiberto, Jr., and his wife Paula. The
parties agreed to a price of $15,000, to be paid in payments of $150.00
a month. Appellants moved into the house on the property and made
extensive repairs and renovations, including the installation of a new
roof. After making payments for over eight years, appellants informed
Feffer that they had paid off the purchase price and requested title to
the property. Feffer refused to grant title, arguing that appellants owed
her several thousand dollars in interest payments. Appellants denied
that their agreement included interest and refused to make any further
payments. Appellants vacated the house and 

ultimately Filiberto disassembled it, using the materials to build a small
structure in which he lived at another location.

 Appellants brought suit against Feffer, alleging that Feffer had
breached their agreement, charged usurious interest, and violated the
Texas Deceptive Trade Practices-Consumer Protection Act (DTPA-CP).(1) 
The DTPA-CP and contract causes of action were tried to a jury, while
the usury claim was tried, in the same proceeding, to the court. The
trial judge originally issued a judgment awarding $14,320.00 to
appellants, offset by $5,000 that the jury found appellants owed to
Feffer; actual damages of $200.00 to Filiberto; $4,800 to appellants as
attorneys' fees; pre-judgment interest of sixty-six dollars; and post
judgment interest. The judgment also ordered Feffer to grant appellants
title to the property. Following a motion to vacate by the Feffer, the
court vacated the original judgment and issued a new judgment. The
new judgment, which is the subject of this appeal, orders appellants to
pay $5,000 to Feffer; following such payment Feffer is to transfer title
of the property to the appellants. 

 Appellants challenge the failure of the court to file findings of fact
and conclusions of law as to the usury claim, which was tried to the
court, and further contend that the trial court's judgment erroneously
disregarded the jury's findings as to the causes tried to the jury.

The Usury Bench Trial

 Appellants challenge the trial court's ruling on their usury claim
with their first two issues. With issue number one, appellants contend
that the trial court committed reversible error by failing to file findings
of fact and conclusions of law. With their second issue, appellants
argue that they proved their usury claim as a matter of law.

 The trial court signed the final judgment in this case on August 5,
1998. Appellants filed a request for findings of fact and conclusions of
law with respect to the usury claim on August 19, 1998. Appellants
followed the request with a notice of past due findings of fact and
conclusions of law on September 10, 1998. The trial court never filed
findings of fact or conclusions of law.

 A party may request that a court state, in writing, its findings of
fact and conclusions of law. Tex. R. Civ. P. 296. If a court fails to file
findings of fact and conclusions of law within twenty days after a timely
request is filed, the requesting party must file a "Notice of Past Due
Findings of Fact and Conclusions of Law" with the clerk of the court. 
Tex. R. Civ. P. 297. The filing of this notice extends the time for the
court to file its findings and conclusions to forty days from the date of
the filing of the original request. Id. Following a proper request and
reminder, the trial court's duty to file findings of fact and conclusions
of law is mandatory. Cherne Indus., Inc., v. Magallanes, 763 S.W.2d
768, 771 (Tex. 1989); Humphrey v. Camelot Retirement Community,
893 S.W.2d 55, 61 (Tex. App.--Corpus Christi 1994, no writ). The
failure to respond, where a proper request and reminder have been filed,
is presumed harmful unless the record before the appellate court
affirmatively shows that the complaining party has suffered no injury. 
Tenery v. Tenery, 932 S.W.2d 29, 30 (Tex. 1996); Cherne Indus., Inc.,
763 S.W.2d at 772; Humphrey, 893 S.W.2d at 61. The question to
consider in determining harm in such a case is whether the
circumstances of the particular case would force an appellant to guess
the reason or reasons that the trial court ruled against it. Humphrey,
893 S.W.2d at 61.

 In the case now before this Court, appellants argued at trial that
Feffer had violated Texas usury law by trying to charge appellants ten
percent interest. Appellants contended that they and the Feffer had
agreed to no specified rate of interest and, therefore, Feffer could not
charge more than six percent interest. See Tex. Fin. Code Ann. §
302.002 (Vernon 1998 & Supp. 2000). At trial, both appellants testified
that their agreement with Feffer did not include any payment of interest
and that Feffer only raised the issue of interest after appellants paid off
the property. Feffer's testimony was somewhat inconsistent, but
indicated that the appellants had agreed to pay ten percent interest on
the property. Following the trial court's decision to vacate the original
judgment in this case, Feffer filed a brief to support the entry of
judgment without a finding of usury, raising, for the first time, the
defense of bona fide error(2) to the usury allegation. Feffer argues on
appeal, that the trial court obviously accepted her claim of bona fide
error, and that is the ground upon which the trial court decided to issue
judgment for the Feffer on the claim of usury. We do not find this
explanation of the trial court's decision to be persuasive.

 Bona fide error is an affirmative defense to usury. Martinez v.
Teachers Credit Union, 758 S.W.2d 946, 950 (Tex. App.--Corpus Christi
1988, no writ). Affirmative defenses must be pled prior to trial, or they
are waived. Tex. R. Civ. P. 94; Land Title Co. of Dallas, Inc. v. F.M.
Stigler, 609 S.W.2d 754, 756 (Tex. 1980). Feffer failed to plead the
affirmative defense of bona fide error prior to the trial. There is no
indication that the trial court granted judgment based on this unpleaded
affirmative defense.

 Because the trial court did not file findings of fact and conclusions
of law, we cannot determine if the trial court was convinced by Feffer's
post-trial brief and based its final judgment on the affirmative defense
of bona fide error. It is equally possible that the trial court simply
believed Feffer's testimony that she and the appellants had agreed to
ten percent interest. We are unable to determine the ground upon
which the trial court based its judgment: appellants were harmed by
the trial court's failure to file findings of fact and conclusions of law. 
Issue number one is sustained. 

 The trial judge who presided over this case no longer serves on
the district court. Therefore we are unable to apply the normal remedy
of abating the appeal and ordering the trial court to file the appropriate
findings of fact and conclusions of law, but rather must reverse and
remand for a new trial on the usury claim. Anzaldua v. Anzaldua, 742
S.W.2d 782, 783 (Tex. App.--Corpus Christi 1987, writ denied); Federal
Deposit Ins. Corp. v. Morris, 782 S.W.2d 521, 524 (Tex. App.--Dallas
1989, no writ).

 In their second issue, appellants argue that they established their
usury claim as a matter of law and thus the trial court erred by not
issuing judgment in their favor. Appellants urge us to reverse and
render judgment. In a bench trial, the trial judge passes judgment on
the witnesses' credibility and the weight given the witnesses' testimony,
and can reject or accept any witness's testimony in whole or in part. In
re Cummings, 13 S.W.3d 472, 476 (Tex. App.-Corpus Christi 2000, no
pet. h.) (citing Bocquet v. Herring, 972 S.W.2d 19, 22 (Tex. 1998)). In
the case now before us, the evidence as to the interest charged, if any,
on the purchase of the home, is in the form of testimony by the parties
to the suit. The outcome of the case will depend on determinations of
credibility, which is a determination properly left to the trial court in a
bench trial, not the appellate court. See Maeberry v. Gayle, 955 S.W.2d
875, 880 (Tex. App.--Corpus Christi 1997, no writ)(when confronted
with conflicting testimony the appellate court defers to the trial judge,
who is the sole judge of the credibility of the witnesses in bench trials). 
Issue number two is overruled.

The Jury Trial

 By their third, fourth, fifth and sixth issues, appellants argue that
the trial court erred in vacating its initial judgment and issuing a new
judgment which, appellants allege, disregards the jury's answers to
several of the questions in the jury charge.

 In answer to the charge, the jury found that: (1) appellants and
Feffer agreed to a purchase price of $15,000 for the property; (2)
appellants and Feffer failed to agree on the amount of interest to be
charged; (3) Feffer "did not fail to comply" with the agreement; (4)
appellants "did not fail to comply" with the agreement; (5) Feffer
engaged in a false, misleading, or deceptive act or practice in the sale
of the property which was the producing cause of damages to
appellants; (6) $200.00 would compensate Filiberto for "mental anguish
that resulted from Feffer's actions of breaching the contract and/or
engaging in any false, misleading, or deceptive act or practice in the
sale of the [p]roperty;" (7) no money should be given Feffer as
compensation for mental anguish resulting from appellants' failure to
comply with the agreement; (8) $4,800 was a reasonable fee for
appellants' attorney in preparing and trying the case; (9) appellants still
owe $5,000 to Feffer for the property; (10) Filiberto did not convert the
house that was on the property; (11) Filiberto did not act with actual
malice; and (12) no money should be awarded to Feffer for her
attorney's fees.

 The judgment at issue in this appeal orders appellants to pay
$5,000.00 to Feffer and orders Feffer to convey title to the appellants
upon receipt of the $5,000.00. No other relief is granted. 

 This judgment does not disregard the jury's findings. The jury
found that $200 would compensate Filiberto for his mental anguish. A
breach of contract action will not support mental anguish damages. 
Latham v. Castillo, 972 S.W.2d 66, 71 (Tex. 1998). For a party to be
entitled to mental anguish damages under the DTPA-CP, there must be
a finding that the defendant's conduct was committed knowingly. Tex.
Bus. & Com. Code Ann. § 17.50(b)(1); City of Tyler v. Likes, 962 S.W.2d
489, 498 n.1 (Tex. 1997). There is no such finding. Filiberto was not
entitled to mental anguish damages. 

 The jury also found that $4,800 would be a reasonable fee for
appellants' attorney. To be entitled to an award of attorneys' fees under
the DTPA-CP a party must first be awarded statutory damages. Nabors
v. Longview Sav. & Loan Ass'n, 700 S.W.2d 901, 905 (Tex. 1985);
McKinley v. Drozd, 685 S.W.2d 7, 10 (Tex. 1985). There is no jury
finding of statutory damages; therefore, appellant is not entitled to
attorneys' fees.

 The trial court's final judgment did not award any money to
appellants. This is consistent with the findings of the jury. There were
no questions put to the jury as to the amounts of any damages except
mental anguish and attorneys' fees. As discussed above, appellants
were not entitled to an award of these damages. The judgment is
consistent with the jury's findings. Issues three, four, five and six are
overruled. 

 We REVERSE and REMAND for a new trial on the usury cause of
action. We AFFIRM the judgment of the trial court as to all other causes
of action.



 
 

 LINDA REYNA YAÑEZ

 Justice



Do not publish. 

Tex. R. App. P. 47.3. 


Opinion delivered and filed this 

the 21st day of December, 2000.


1. Tex. Bus. & Com. Code Ann. §§ 17.41-17.826 (Vernon Supp.
2000). The portions of the DTPA-CP relevant to this case have not
been affected by subsequent amendments; therefore, all cites will be
to the current codification.
2. "A creditor is not subject to penalty . . . for any usurious
interest that results from an accidental and bona fide error." Tex. Fin.
Code Ann. § 305.101 (Vernon Supp. 2000).